CHARLES J. WEIBERT, Respondent, *v.* HERBERT W. HANAN, Appellant.

Evidence — opinion evidence of expert witnesses — erroneous admission of opinion of expert when facts upon which opinion was based were not stated.

1. It is a general rule in regard to the opinion evidence of experts that the facts upon which the opinion of the witness is founded must be laid before the trial court either by assuming them in a hypothetical question or by the testimony of the expert himself if he has observed them, although there is an exception in the case of medical experts testifying as to the mental condition of a person where the particular facts upon which the opinion is based need not be disclosed in the first instance.

2. In an action on a *quantum meruit* for work done and materials furnished in the installation of a heating plant on the premises of the defendant, the question was litigated as to whether the defendant was responsible for the alleged failure to heat the house to the reasonable satisfaction of the plaintiff as provided by the contract, the defendant contending that the failure was due to the inadequate size of the. boiler, and plaintiff insisting that defendant's radiators were too small. On this question an expert for plaintiff was allowed to testify as to the radiating surface required to heat the rooms and as to the capacity of the boiler, under the objection of counsel for defendant that the facts upon which his opinion was

based had not been stated. *Held,* that the general rule is applicable; that the objection made to the admissibility of this line of testimony was correct, and the error should not be disregarded.

*Weibert* v. *Hanan,* 136 App. Div. 388, reversed.

(Argued May 10, 1911; decided June 6, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 2, 1910, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James M. Gray* and *Joseph E. Owens* for appellant. The evidence of George A. Fromme, an alleged expert, was improperly admitted and he was improperly allowed to answer many questions, the answers being materially prejudicial to defendant's case. (*Dolan* v. *H., etc., Co.,* 105 App. Div. 366; *Ellis* v. *Thomas,* 84 App. Div. 626; *Doherty* v. *Milliken,* 163 N. Y. 527; *O'Doherty* v. *Postal Telegraph Co.,* 113 App. Div. 636; *Davis* v. *Maxwell,* 108 App. Div. 129; *Leahy* v. *Gaylord,* 117 App. Div. 316; *People* v. *Harris,* 136 N. Y. 423; *People* v. *Faber,* 199 N. Y. 256.)

*James O. Tryon* for respondent.

Willard Bartlett, J. This is an action on a *quantum meruit* for work done and materials furnished in the installation of a heating plant on the premises of the defendant. The answer put in issue the value of the work done and materials furnished, and also pleaded an express contract under which the plaintiff agreed to install in the defendant's house, for a sum not to exceed $1,500, such a heating plant as would heat the house in cold weather to the reasonable satisfaction of the defendant, which agreement the plaintiff had totally failed to

perform. The evidence on the trial indicated that the defendant's house was not properly heated when the plaintiff's work was finished, and the principal question litigated between the parties was who was responsible for this condition of things.

The defendant contended that it was due to the inadequate size of the boiler while the plaintiff insisted that the boiler was large enough but that the defendant's radiators were too small. The referee did not pass upon these issues specifically, but made findings in favor of the plaintiff in substantial accordance with the allegations of the complaint and directed judgment accordingly. This judgment has been affirmed in the Appellate Division by a divided court.

All the members of the Appellate Division agreed that two errors were committed by the learned referee in the admission of evidence. Three of the justices, however, thought that these errors might properly be disregarded because, as was said in the opinion below, the action "was tried without a jury and before an experienced and learned referee." Their dissenting brethren insisted that the errors to which we have referred were grave enough to require a reversal of the judgment.

Among the witnesses called for the plaintiff was an expert in reference to heating apparatus for buildings. He gave opinion evidence in regard to the capacity of the boiler and radiators over the objection of counsel for defendant that the facts upon which his opinion was based had not been stated. This witness was allowed to testify as to the radiating surface required to heat the defendant's rooms without having stated what were the dimensions of the rooms; and he was also permitted to testify as to the capacity of the boiler (which he had never seen), basing his opinion upon the test of another boiler not clearly shown to have been of the same type and without giving the facts upon which he based his conclusion.

It is a general rule in regard to the opinion evidence of experts that the facts upon which the opinion of the witness is founded must be laid before the trial court either by assuming them in a hypothetical question or by the testimony of the expert himself if he has observed them. (*Dougherty* v. *Milliken*, 163 N. Y. 527.) There is an exception in the case of medical experts testifying as to the mental condition of a party where the particular facts upon which the opinion is based need not be disclosed in the first instance. (*People* v. *Faber*, 199 N. Y. 256.) There may also be other exceptions, but in the case at bar the general rule applied and even the learned counsel for the respondent in his brief on the argument of the appeal in this court concedes that the general objection made to the admissibility of this line of testimony is probably technically correct.

There being entire unanimity of opinion in the court of intermediate appeal to the effect that the referee erred in the rulings which have been mentioned, the proper disposition of the case here depends upon the gravity of the error. We are unable to concur with the prevailing opinion in the Appellate Division that it was not substantial enough to raise a presumption of prejudice. The fact that the referee is a lawyer of recognized ability who has rendered most capable service to the public in a judicial capacity in no wise tends to justify the inference that his judgment was not influenced or affected by evidence which he admitted into the record against the clearly and carefully stated objection of counsel. On the contrary, it seems to us the presumption is just the other way. The ruling was equivalent to an express declaration on the part of the referee that he regarded the evidence which he thus admitted as entitled to probative force; and a perusal of all the testimony indicates that in all probability he did assign considerable weight to the evidence in question in reaching the conclusion that the plaintiff was entitled to prevail in the action. The case

would be very different if the referee had stricken out the objectionable testimony and had stated in his report that he had decided the issues wholly on the other and proper evidence in the record without regard to that thus eliminated from consideration.   An appellate court might well have confidence that an experienced referee or trial judge would be able to disregard testimony which he had originally admitted under the mistaken impression that it was properly receivable.   Nothing of the kind was done here, however; and we cannot resist the conclusion that the issues in this action were determined against the defendant upon objectionable evidence which affected the decision.

In behalf of the defendant it is contended that inasmuch as the plaintiff contracted to do a completed job which would effect a specific result the proper measure of his recovery should have been the value of the completed work and not the value of the specific items.   This question would be presented for consideration if there had been a finding or request to find that the plaintiff's work was done under a contract whereby he undertook to heat the premises to the reasonable satisfaction of the defendant as alleged in the answer; but there is no such finding nor any request so to find, and, therefore, we cannot pass upon this question.

By reason, however, of the erroneous rulings which have been considered the judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., HAIGHT, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.