■ JOSEPH H. MANDEL et al., Respondents, v JOSEPH GELOSO, Doing Business as BEST WESTERN ROTTERDAM MOTOR INN, Appellant. [614 NYS2d 645] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Mycek, J.), entered December 23, 1992 in Schenectady County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs, who own a home adjacent to defendant's hotel, commenced this action alleging that noise generated by defendant's air conditioning equipment (hereinafter the unit) and odors generated by the hotel's exhaust fans constituted a nuisance. Following trial, the jury found that the noise from the unit constituted a nuisance and returned a verdict which directed defendant to abate the nuisance and awarded plaintiff $4,000 in damages. Defendant appeals.

The elements of a private nuisance cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" *(Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570). Defendant contends the plaintiffs' proof as to the third element was lacking and, in particular, that Supreme Court erred in admitting the testimony of plaintiffs' expert as to unreasonableness because the expert failed to measure the actual sound level generated by the unit in question.

Although an expert may rely on necessary facts within his

or her personal knowledge which are not contained in the record *(see, People v Jones,* 73 NY2d 427, 430; *Weibert v Hanan,* 202 NY 328, 331), the expert must testify to those facts before an opinion is rendered so that the jury may " 'evaluate the worth of that opinion' " *(People v Jones, supra,* at 431, quoting *People v Samuels,* 302 NY 163, 172). Plaintiffs' expert based his opinion of the unit's noise level on his familiarity with its specifications and capabilities as compared to other units of similar size and specifications which he had measured. He failed, however, to show that the specifications and capabilities of the comparison units were the same as the unit in question *(see, Weibert v Hanan, supra,* at 330). Therefore, his opinion as to noise level should not have been received.

The reception of this particular expert testimony, however, does not require reversal. Plaintiffs' expert testified to his on-site observations of the unit's close proximity to plaintiffs' residence, the increased sound level attributable to the clustering of several air conditioners, the structure of the residence and the reflective nature of defendant's building. This testimony properly supported his opinion that the unit's location and manner of installation were unreasonable. The expert's testimony in this regard, coupled with plaintiffs' testimony describing the level and penetrating effect of the noise and the resulting disruption in their normal activities, was sufficient to establish the element of unreasonableness. It is further noted that defendant had ample opportunity on cross-examination to challenge this testimony.

Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.