■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. MILLER, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered May 26, 1976, upon a verdict convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to two years to life on each count, to run concurrently. This appeal raises for review the question of whether expert opinions are admissible where the opinions are the result of comparative tests made against a standard which itself fails to meet admissibility standards. Since the People do not contend there is any probative proof on the record supporting the convictions other than the opinion evidence given by their two experts, an analysis of that testimony is critical to the resolution of the question posed. Both Donald J. Kirk, Jr., and Andre P. Lavigne were chemists employed by the New York State Police Scientific Laboratory at Albany. Each testified that he compared the substance, allegedly sold by defendant, to a known standard provided by the Drug Enforcement Administration in Washington, D. C. Such comparisons created the result which enabled each expert to give as his opinion that the substance he was testing was cocaine. Each expert admitted that he did not test the standard himself. Expert Kirk testified that he would be unable to testify beyond a reasonable doubt that the subject substance was cocaine without reliance upon the standard. Kirk also stated that he did not know if the State laboratory had any certification from the Drug Enforcement Administration as to the quality of the standard, but, in any event, he did not test the standard nor was any certification or testimonial proof of the quality of the standard substance offered. Expert Lavigne also testified that he was unaware of any Federal certification of the known substance and that he did not personally test the substance, but accepted its accuracy because it had been supplied to him by his superior. In sum, neither expert testified that the known substance he relied upon for his comparative tests was tested by him, nor is there any proof in the record of any nature that established the accuracy of the standard as a reliable norm. Over defendant's objections the trial court admitted the opinions of the People's experts that the tested substance was cocaine as business entry exceptions to the hearsay rule. We are not concerned with the admissibility of the chemists' records as business entry exceptions to the hearsay rules (CPLR 4518, subd [a]; CPL 60.10), it being conceded that if the methodology for the qualitative testing of the standard supplied by the Federal authorities had been proved, or if the official certification of the Drug Enforcement Administration had been introduced into evidence (CPLR 4540), thereby establishing the requisite foundation, such records would be admissible *(People v Foster,* 27 NY2d 47, 51). Looked

at in another light, if the local chemists had tested the Federal standard and concluded that it was cocaine, such tests would have been adequate as foundational support for both the Federal standard and the chemists' conclusions. However, the dispositive issue is not the chemists' tests or records, but whether *expert opinion evidence* is admissible in the absence of proof of the data relied upon to support that opinion. The general rule in New York is that an expert may not base an opinion on facts he did not observe and which are not in evidence, and if he should give such an opinion and cross-examination reveals it was based on facts not in evidence, such opinion should be stricken pursuant to motion *(People v Keough,* 276 NY 141; Richardson, Evidence [10th ed], § 370). New York courts recognize two exceptions to this general rule. In *People v Sugden* (35 NY2d 453) the Court of Appeals stated that an expert may base his opinion on hearsay material not in evidence if (1) the data "is of a kind accepted in the profession as reliable in forming a professional opinion" (p 460) or if (2) the data "comes from a witness subject to full cross-examination on the trial" (p 461). Patently, neither exception applies herein. It would be judicially unwise to equate the hearsay statement of a bureaucratic agency (Drug Enforcement Administration) with data "of a kind accepted in the profession as reliable in forming a professional opinion" *(People v Sugden, supra).* Lastly, nobody was called by the People to give evidence that the Federal substance was cocaine. Because the trial court erred in admitting the opinion testimony as to the nature of the substance allegedly sold by the defendant, the case should be remitted for a new trial on the accusatory instrument (CPL 470.20, subd 1). Judgment reversed, on the law, and a new trial ordered. Koreman, P. J., Main, Larkin and Herlihy, JJ., concur; Mahoney, J., concurs in part and dissents in part in the following memorandum. Mahoney, J. (concurring in part and dissenting in part). Since the State did not sustain its burden of going forward with sufficient evidence upon which the jury could find the defendant guilty of the crimes charged beyond a reasonable doubt, the conviction should be reversed and the indictment dismissed (CPL 470.20, subd 2).