■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BRANTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County, rendered July 12, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. There was no competent evidence that the substance sold by defendant was heroin. Although the police chemist gave an expert opinion that the substance he had tested was heroin, his opinion was based upon a chromatographic analysis in which the substance sold by defendant was compared with a substance "known" to be heroin. The chemist testified that these "known" samples are purchased from the Federal Drug Enforcement Agency and

from drug manufacturers, but there was no proof as to where the "known" samples used in this case were obtained. Nor was any independent analysis of the samples made in this case. Under these circumstances, the expert opinion evidence was improperly accepted by the trial court. Since absent such evidence the case against defendant is legally insufficient, the indictment must be dismissed (see CPL 470.20, subd 2). In *People v Miller* (57 AD2d 668), the court came to the same conclusion because, as here, there was a complete absence of proof of the data relied upon to support the expert opinion evidence. Defendant's conviction may not be sustained by this court upon the theory that he offered to sell heroin (see Penal Law, § 220.00, subd 1), in light of the fact that the jury was charged that they could convict defendant only if he sold a substance which was in fact heroin (see *People v Weiner,* 248 NY 118). O'Connor, J. P., Shapiro, Cohalan and Margett, JJ., concur.