■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS RODRIGUEZ, Appellant. — Appeal by defendant (1) from a judgment of the County Court, Nassau County (Clyne, J.), rendered October 10, 1980, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated July 29, 1982, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. Order reversed, on the law, motion granted, judgment vacated and new trial ordered. Appeal from the judgment dismissed as academic in light of the determination on the appeal from the order. At trial, several police officers testified that, pursuant to an undercover investigation and information from a confidential informant, an arrangement was made, through the informant, to purchase two ounces of cocaine from defendant Jesus Rodriguez. During the transaction, the defendant was arrested and advised by one of the officers: "You have the right to remain silent. Anything you say can and will be used against you. You have the right to an attorney. *If you can't hire a lawyer you can have one at the court at that time"* (emphasis added). After agreeing that he understood what he had been told, defendant stated that "he was making $150.00 on this deal". In defense, defendant maintained that he was an unwary passenger in the informant's car, ignorant of the contents of the package made up of two plastic bags wrapped in paper towels. The defendant also denied making any inculpatory statements. The jury returned a guilty verdict on the charge of criminal sale of a controlled substance in the first degree, a class A-1 felony, and the court imposed sentence on October 10, 1980. In a posttrial motion, returnable in County Court, Nassau County, on April 30, 1982, defendant sought an order pursuant to CPL 440.10 (subd 1, par [h]), vacating the judgment of conviction on the ground that it was obtained in violation of his constitutionally guaranteed right to effective assistance of counsel. Defendant asserted therein that his attorney's ineffective representation was evidenced by (a) his withdrawal of an allegedly meritorious suppression motion, (b) his inadvertent eliciting of damaging testimony concerning the defendant's involvement in prior narcotics

transactions, (c) his failure to interview or call an allegedly exculpatory witness, (d) his failure to raise a meritorious challenge to the sufficiency of the scientific evidence offered to establish the identity of the substance defendant allegedly sold, and (e), his failure to object to a prejudicial jury charge. The court denied the motion and these appeals ensued. We deal with those allegations seriatim. (a) One week prior to trial defense counsel withdrew a previously granted application for a *Huntley* hearing and at that time stipulated to the admissibility of an inculpatory statement made by the defendant, viz., "he was going to make $150.00 on the narcotics transactions involved here". The inculpatory statement attributable to the defendant was made after incomplete and improper *Miranda* warnings (*People v Rodney P.,* 21 NY2d 1, 3-4; *Miranda v Arizona,* 384 US 436, 479; cf. *People v Tutt,* 38 NY2d 1011) and was also at complete variance with defendant's defense that he was unaware that a narcotic transaction was taking place. We find no justification for counsel's action in depriving the defendant of the opportunity to secure the suppression of this inculpatory statement (*People v Pritchett,* 48 NY2d 933; *People v Detling,* 73 AD2d 937); (b) Defense counsel's efforts to discredit the informant's testimony were not only ineffective but were detrimental to the defense. The testimony adduced from the informant on cross-examination by defense counsel suggested that defendant had been involved in other narcotics transactions. This testimony, which the People could not have elicited on direct, was highly prejudicial to the defendant (see *People v Duke,* 58 AD2d 31); (c) Although defendant's counsel was advised that the defendant's stepfather could give testimony favorable to the defendant, counsel declined to even interview the stepfather and determine the nature of his testimony. Under the circumstances, defense counsel was derelict in failing to pursue this avenue of inquiry; (d) In attempting to prove that defendant sold cocaine, the People produced a forensic chemist who expressed an expert opinion that the substance allegedly sold by defendant was cocaine. The chemist's opinion was based on tests in which the substance allegedly sold by the defendant was compared with a substance known to be cocaine. However, the expert failed to testify that the known substance that he relied upon for his comparative tests was tested by him. Nor was there "proof in the record of any nature that established the accuracy of the standard as a reliable norm" (*People v Miller,* 57 AD2d 668; see, also, *People v Branton,* 67 AD2d 664). Under these circumstances, the proffered expert opinion evidence was incompetent (*People v Miller, supra; People v Branton, supra*), and counsel's failure to object to its admission into evidence constituted a significant departure from the norms of trial advocacy; (e) Finally, the defendant argues that his trial counsel failed to object to prejudicial jury instructions. The defense at trial was directed toward convincing the jury that defendant's testimony was worthy of belief and that, at least, the informant's testimony was so suspect that it could not support a finding of guilt beyond a reasonable doubt. The objectionable charge to the jury related to the weight and credibility of the witnesses and the People's burden of proof. Relevant to this issue, the court charged, *inter alia:* "In considering the evidence, apply the same good judgment that you would apply in your own business or social relationship in your daily lives. If you do this and you *believe the defendant guilty to a moral certainty, then you have been satisfied beyond a reasonable doubt and it is your duty to convict.* Now, do not get the impression from what I have said that the People are required to prove the defendant's guilt to a mathematical certainty. *Society, indeed, would be in a dangerous situation if the People were required to establish the guilt of a defendant beyond a reasonable doubt.* In courts of law where cases rest upon human memory and human recollection and testimony, you cannot establish the defendant's guilt

to a mathematical certainty or beyond all possible or conceivable doubt. And the People are not required to do so. They are, however, required to prove guilt beyond a reasonable doubt" (emphasis added). Clearly, the propriety of this part of the charge was open to challenge (*People v Patterson,* 76 AD2d 891; *People v Forest,* 50 AD2d 260) and counsel's failure to object to the same was inexplicable. While the standard for determining effectiveness of counsel cannot be precisely defined, "it is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense (*People v Bennett,* [29 NY2d 462]) and who is familiar with, and able to employ at trial basic principles of criminal law and procedure (*People v LaBree,* 34 NY2d 257; cf. *People v Jones,* 25 NY2d 637)" (*People v Droz,* 39 NY2d 457, 462; see, also, *McMann v Richardson,* 397 US 759, 770-771, affd on reh 458 F2d 1406). True ineffectiveness is not to be confused with mere losing tactics (*People v Baldi,* 54 NY2d 137, 146). It is, however, our conclusion, based on a thorough review of the entire record, that the conduct of defendant's counsel did not satisfy the constitutional requirement of effective assistance of counsel (US Const, 6th Amdt; NY Const, art I, § 6; see *People v Baldi, supra,* pp 146-147; *People v Jackson,* 52 NY2d 1027; *People v Aiken,* 45 NY2d 394; cf. *People v Bell,* 48 NY2d 933). Since the defendant was deprived of the effective assistance of counsel, it is irrelevant whether there was overwhelming evidence of guilt (*People v Brown,* 45 NY2d 852, 853). In view of our decision to vacate the judgment of conviction, we need not consider the defendant's remaining contentions. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.