■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WICKS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), each rendered May 2, 1985, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree under indictment No. 151/85, and criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), under indictment No. 2143/84, upon jury verdicts, and imposing sentences.

Judgments affirmed.

The defendant claims that the People failed to prove by competent evidence that the substance sold by him to an undercover officer was in fact cocaine. The expert opinion of three witnesses that such substance was in fact cocaine was based, in part, on the results of certain tests in which the substance was compared with "known standards"—a substance known to be cocaine. However, two of the witnesses testified that they did not themselves test the "known standards" to ascertain that they were in fact cocaine, and one could not remember if she did so or not. There is case law holding that failure to establish "the accuracy of the standard as a reliable norm" means that a proper foundation was not laid for the expert testimony that a substance was cocaine, and thus such evidence is incompetent and not admissible at trial (see, e.g., *People v Miller,* 57 AD2d 668; *People v Branton,* 67 AD2d 664).

We find the instant case to be distinguishable. The experts' testimony herein was not based entirely on comparative tests using known standards, but on a series of different tests, not all involving known standards. As a result of all these tests, the forensic witnesses formed the "opinion" that the substance sold by the defendant was cocaine. The jury was thus capable of determining on its own, in its role as trier of fact and assessor of credibility, what weight to give to such an opinion. It should also be noted that Dr. Bress, who performed "thousands" of cocaine analyses, testified that he has tested known samples in previous employment, that cocaine displayed certain unique characteristics, that he was familiar with these characteristics, and that both the known and

unknown samples in the tests in question displayed those same unique characteristics. Dr. Mallison, who had previously performed about 300 cocaine analyses, also testified that in treating the known and unknown substances in a certain test, they both responded in the same manner. In her experience, she has never seen anything other than cocaine that responds in such a manner.

We also find it significant that the defendant repeatedly testified that he believed the substance he was selling was in fact cocaine. ·

We have reviewed the defendant's other claims and find them to be without merit. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.