■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered November 19, 1982, convicting him of robbery in the first degree, sodomy in the first degree, burglary in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

The hearing court did not err in concluding that the police officer was justified in asking the defendant to produce his license after the defendant had voluntarily stopped to ask the officer for directions, where the defendant matched the description of the perpetrator given by the victim to the officer the day before, the defendant bore an "amazing similarity" to the composite sketch of the perpetrator which the officer had with him at the time, and the defendant was driving down the same block where the incident occurred *(see, People v Sobotker,* 43 NY2d 559; *People v De Bour,* 40 NY2d 210). The evidence adduced at the hearing established that the victim's in-court identification of the defendant was the product of her

independent recollection. Thus preclusion of the in-court identification would not have been required even if the antecedent detention, during which a photograph of the defendant was taken which was used in an array, was unlawful *(People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Armstrong,* 110 AD2d 773; *People v Ennis,* 107 AD2d 707).

After viewing the evidence in the light most favorable to the prosecution and assuming that the jury credited the prosecution witnesses and gave the prosecution's evidence the full weight that might reasonably be accorded it *(see, People v Bigelow,* 106 AD2d 448), a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt *(People v Contes,* 60 NY2d 620).

Furthermore, the defendant was not denied due process of law when the court denied his motion to be provided with a free transcript of the suppression hearing, where he failed to submit an affidavit attesting to his indigency *(see, People v Montgomery,* 18 NY2d 993; *People v Brown,* 114 AD2d 855).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.