■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FREDDIE GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered May 21, 1985, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the record before us, we conclude that the court properly denied the defendant's motion to be provided with a free transcript of the suppression hearing, because the defendant failed to submit any proof of indigency although he was given the opportunity to do so (see, People v Williams, 122 AD2d 901; People v Brown, 114 AD2d 855, 856).

In addition, the court properly admitted into evidence the testimony of two police chemists. While the failure to establish the accuracy of a known standard as a reliable norm may render the evidence incompetent because a proper foundation has not been laid for the expert testimony (see, e.g., People v Branton, 67 AD2d 664; People v Miller, 57 AD2d 668), the failure to lay this foundation does not always render the evidence incompetent (see, People v Wicks, 122 AD2d 239).

Based upon the facts in the case at bar, we find the case of People v Wicks (supra) to be controlling. As in Wicks, the experts' testimony was based upon a series of tests, some of which required the use of known standards while others did not. From these tests, both experts concluded that the only substance that would react in the manner it did was cocaine. Finally, the defendant himself expressed the belief at trial that he was in possession of cocaine. The expert opinions were therefore admissible.

The defendant's remaining contention is unpreserved for appellate review and we decline to review it in the interest of justice. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.