■ The People of the State of New York, Respondent, v James Rufus Harris, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of third degree criminal possession of a controlled substance (Penal Law § 220.16 [12]). He contends that the trial court erred in admitting into evidence the police chemist's opinion that the substance seized from him was cocaine. This contention is based on the failure of the chemist to establish the identity of the known standard substance in two tests he performed during

his analysis. While we agree that the failure to establish the identity of a known standard may render such evidence incompetent (see, e.g., People v Branton, 67 AD2d 664; People v Miller, 57 AD2d 668), reversal is not required under the facts presented in this case. The police chemist's opinion was based on a series of tests, only some of which involved comparative analysis using the known standard. From those tests which did not use a known standard, he observed that the substance's reaction to reagents and its crystalline structure under microscopic analysis were that of cocaine. It should also be noted that the chemist had performed between 5,000 to 10,000 cocaine analyses and was fully familiar with the drug's unique characteristics. Further, defendant admitted to the police that the substance seized was cocaine. Under these circumstances, the chemist's opinion that the substance seized was cocaine was properly admitted into evidence (see, People v Gonzalez, 127 AD2d 787; People v Wicks, 122 AD2d 239, lv denied 68 NY2d 1005).

Defendant further contends that he was deprived of a fair trial by the prosecutor's failure to provide him with the chemist's notes pursuant to his discovery request. We disagree. The People provided defense counsel with the chemist's laboratory report and laboratory submission form prior to trial, but only discovered during cross-examination that the chemist kept personal notes of his analysis. These notes should have been provided to defense counsel prior to the People's opening statement (CPL 240.45 [1] [a]; People v Gilligan, 39 NY2d 769; People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, rearg denied 15 NY2d 765; People v Strong, 60 AD2d 792). However, as defense counsel obtained these notes for use in cross-examination and no prejudice is seen from this delay, defendant was not deprived of a fair trial (see, People v Kegelman, 73 AD2d 977).

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.