■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVIA JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered March 6, 1985, convicting her of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Curci, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The arresting officer, who had previously participated in numerous narcotics arrests, received a radio transmission from an undercover officer that he had just purchased some drugs in a storefront game room. The arresting officer was, in fact, very familiar with this storefront location as he had previously participated in some 10 to 15 narcotics-related arrests there. On this occasion, upon entering the game room, the officer observed the suspected seller who had been described to him by the undercover officer and two other individuals, including the defendant, standing nearby. The defendant was facing the described seller and on the ground about two feet away from her was a clear plastic bag which contained small aluminum foil packets. Believing that the packets contained narcotics, the officer arrested the suspected seller as well as the two other individuals. Pursuant to a search incident to the arrests, 113 glassine envelopes were recovered from the defendant's pockets and tests later revealed that these envelopes contained heroin. The defendant was subsequently convicted of criminal possession of a controlled substance in the second degree.

On appeal the defendant contends that the arresting officer lacked the requisite probable cause to arrest her. We disagree.

Based on the radio transmission received from the undercover officer, his own knowledge and experience and his own personal on-the-scene observations, the officer had probable cause to arrest the defendant for both loitering for the purpose of possessing or using a controlled substance and criminal possession of a controlled substance (see, People v Balas, 104 AD2d 1039; People v Eldridge, 103 AD2d 470). The defendant further contends that the evidence failed to establish beyond a reasonable doubt that the glassine envelopes recovered from her person contained heroin. This contention is also meritless. Beatrice Arceo, a chemist employed by the New York City Police Department, testified that she performed four color tests and two microcrystalline tests on the contents of all 113 glassine envelopes and each and every test result indicated that the substance contained heroin. Although some of the tests employed involved a comparison to known standards whose accuracy was not clearly established, the proof was not insufficient since Arceo's testimony that the contents contained heroin was based on a series of tests which did not all involve the use of known standards (cf., People v Wicks, 122 AD2d 239, lv denied 68 NY2d 1005; People v Gonzalez, 127 AD2d 787, lv denied 69 NY2d 1004).

We note that in light of the defendant's criminal history and the severity of the instant offense, her sentence was not excessive. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.