■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FLORES, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered March 14, 1984, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to prove by competent evidence that the substance sold by him to an undercover police officer was, in fact, cocaine. The expert testimony of the State Police laboratory chemist was partially based on the results of certain tests in which the substance

was compared with a substance "known" to be cocaine. The expert admitted that he, himself, had not actually tested the "known standard" to ascertain if it was, in fact, cocaine. It has been held that "failure to establish 'the accuracy of the standard as a reliable norm' means that a proper foundation was not laid for the expert testimony that a substance was cocaine, and thus such evidence is incompetent and not admissible at trial (see, e.g., People v Miller, 57 AD2d 668; People v Branton, 67 AD2d 664)" (People v Wicks, 122 AD2d 239, lv denied 68 NY2d 1005). However, this court has recently distinguished cases in which an expert's testimony is not based entirely on comparative tests using "known standards" but, rather, is based on a series of different tests, including some which do not involve known standards (see, People v Wicks, supra). As the testimony of the expert in the case at bar revealed that he formed the opinion that the substance sold by the defendant was, in fact, cocaine after performing such a series of tests, his testimony was properly admitted into evidence. It was for the jury, as the trier of fact and assessor of credibility, to determine the weight to be given to such an opinion (see, People v Wicks, supra).

The photocopies of the lab submission forms which accompanied the packets of cocaine through the series of laboratory tests were properly admitted into evidence. The testimony established that the photocopies were exact duplicates of the original forms and that it was the standard procedure of the lab to reproduce these documents. CPLR 4539 provides that "[i]f any business, institution, or member of a profession or calling in the regular course of business or activity has made, kept or recorded any writing, entry, print or representation and in the regular course of business has recorded, copied, or reproduced it by any process which accurately reproduces or forms a durable medium for reproducing the original, such reproduction, when satisfactorily identified, is as admissible in evidence as the original, whether the original is in existence or not". This rule recognizes the fact that the modern business practice is to make photographic reproductions in the regular course of business and also of the fact that photographic reproductions so made are sufficiently trustworthy to be treated as originals for the purpose of the best evidence rule (see, Richardson, Evidence § 577, at 585 [Prince 10th ed]).

We find that there was an adequate foundation for the introduction of the contraband into evidence. It is well settled that "[d]eficiencies in the chain of custody go to the weight of the evidence, not its admissibility, provided that the two basic

requirements of proof of identity and unchanged condition are established *(see, People v Julian,* 41 NY2d 340; *People v Capers,* 105 AD2d 842)" *(People v Piazza,* 121 AD2d 573, 574, *lv denied* 68 NY2d 916). The testimony elicited at trial provided a reasonable assurance that the packets analyzed at the police lab were the same as those purchased from the defendant and that there had been no tampering with the packets *(see, People v McCutcheon,* 122 AD2d 169; *People v Piazza, supra; People v Porter,* 46 AD2d 307).

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.