■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TRAMELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant asserts that the trial court erred in denying his motion to suppress because the warrant to search the premises at 1112 Ferry Avenue was overbroad. The warrant specified that 1112 Ferry Avenue was an apartment house and the area to be searched included the rear entrance way and basement. The police, in searching these areas, seized controlled substances. The description in the warrant, along with its supporting affidavit, sufficiently delineates the area of this multiple dwelling to enable the searcher to identify the place authorized to be searched (see, People v Brooks, 54 AD2d 333, 335; cf., People v Nieves, 36 NY2d 396, 401; People v Henley, 135 AD2d 1136, lv denied 71 NY2d 897).

Defendant further contends that the proof is insufficient to sustain his conviction for possession or sale of controlled substances because the People's proof did not establish the identity of the substances tested. We conclude that the extensive evidence of chemical analyses, including both screening and confirmatory tests, testified to by the People's forensic chemist was more than adequate to support the expert's opinion that the substances were cocaine and heroin *(see, People v Flores,* 138 AD2d 512, *lv denied* 72 NY2d 859; *People v Harris,* 130 AD2d 939, *lv denied* 70 NY2d 647). Additionally, the forensic chemist testified that prior to his use of the known standards he tested them to verify their identity *(cf., People v Branton,* 67 AD2d 664; *People v Miller,* 57 AD2d 668).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Pine, Balio and Lawton, JJ.