■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to comply with CPL 270.10 and, therefore, his contention that he was denied his constitutional (US Const 6th, 14th Amends) right to a trial by a jury of his peers has not been preserved for our review *(see, People v Parks,* 41 NY2d 36, 40-43; *People v Consolazio,* 40 NY2d 446, 455, *cert denied* 433 US 914). Moreover, defendant failed to specify facts upon which a statutory (Judiciary Law § 500), a due process or an equal protection violation could be premised *(see, People v Guzman,* 60 NY2d 403, 410, *cert denied* 466 US 951).

Viewing the evidence in the light most favorable to the People and giving them the benefit of all reasonable inferences, we conclude that defendant's conviction of conspiracy in the fourth degree (Penal Law § 105.10) is supported by legally sufficient evidence *(see, People v Schwimmer,* 66 AD2d 91, *affd* 47 NY2d 1004; *see also, People v Bongarzone,* 116 AD2d 164, *affd* 69 NY2d 892).

Finally, defendant failed to preserve for our review his challenge to the expert testimony of the forensic chemist *(see,* CPL 470.05 [2]). In any event, we conclude that the substantial expert testimony given by the forensic chemist provided legally sufficient evidence that the substance seized from defendant's home was cocaine *(People v Tramell,* 152 AD2d 989; *People v Dore,* 129 AD2d 992). (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal possession of controlled substance, and other charges.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.