■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jose Rosa, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 23, 1988, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant stands convicted of grand larceny in the second degree for having allegedly altered certain payroll documents which caused him to receive undue compensation for overtime work that he did not actually perform.

We find merit to the defendant's contention that his conviction must be reversed based upon the erroneous admission into evidence of photocopies of his paychecks. It is well settled that in order to admit a photocopy of a business record into evidence, a witness with personal knowledge of record-keeping procedures must testify that the document sought to be admitted was made in the regular course of business, pursuant to the regular procedures of the business, at or near the time the information was obtained or the act occurred (see, CPLR 4518 [a]; 4539; see also, People v Kennedy, 68 NY2d 569; People v Flores, 138 AD2d 512; Blair v Martin's, 78 AD2d 895; Sabatino v Turf House, 76 AD2d 945).

In the instant case, the prosecutor attempted to lay a foundation for the admission of the subject photocopies by eliciting testimony from the chief of payroll for the New York City Department of Correction. Although this witness testified, inter alia, that the photocopies of the checks were produced in the regular course of the business of the New York City Office of Payroll Administration, he nevertheless admitted that he did not work for the office which produced the photocopies and could not state, with any degree of certainty, whether the records were accurate. Additionally, another correction officer, who was called as a witness, contradicted the aforementioned testimony when he stated that the photocopies of the checks were, in fact, made by a bank and were produced after the checks had been cashed.

We find that the prosecutor failed to lay a sufficient foundation for the admission of the photocopies into evidence in light of the testimonial discrepancies and the fact that there was no testimony elicited from an individual with personal knowledge of the procedures employed by the office which produced the photocopies. Moreover, under the circumstances, this error cannot be deemed harmless.

In view of the foregoing disposition, the defendant's remaining contentions need not be addressed. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.