■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES DE LA ROSA, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 5, 1987, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 574/86, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Rohl, J.), rendered October 21, 1987, convicting him of bail jumping in the first degree under indictment No. 32/87, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant claims that the court erred in admitting the expert's testimony that the substance the undercover officer purchased from the defendant was cocaine. The evidence was inadmissible, he argues, because there was no independent evidence of the known samples which the expert employed in determining that the substance was cocaine.

This claim has not been preserved for appellate review. In any event, the claim is meritless. Generally, the failure to establish the accuracy of the so-called "known standard" as a reliable norm requires the conclusion that a proper foundation has not been laid for an expert's analysis that the substance is cocaine, thereby rendering that testimony incompetent and inadmissible *(see, People v Wicks,* 122 AD2d 239; *People v Branton,* 67 AD2d 664; *People v Miller,* 57 AD2d 668). However, this court has repeatedly held that where the expert's testimony is premised in part upon tests that do not employ a known standard, the testimony is admissible *(see, People v Hushie,* 145 AD2d 506; *People v Flores,* 138 AD2d 512; *People v Gonzalez,* 127 AD2d 787; *People v Wicks, supra).* Because the expert in the instant case relied in part upon tests that did not employ a known standard, his testimony was properly admitted.

We also reject the defendant's claim that the prosecution should have been required to call the confidential informant as its own witness. It is well settled that a prosecutor need not call a witness, "even an eyewitness, whose testimony his own investigation convinces him would be unreliable, cumulative or irrelevant" *(People v Andre W.,* 44 NY2d 179, 184; *see also, People v Sapia,* 41 NY2d 160, 163, *cert denied* 434 US 823; *People v Stridiron,* 33 NY2d 287, 292; *People v Pollak,* 130 AD2d 911).

Further, we find that the court properly declined to charge the jury with the agency defense, as no reasonable view of the evidence supported such a charge *(see, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Miano,* 143 AD2d 777; *People v Cierzniewski,* 141 AD2d 828).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.