■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WEST, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Colabella, J.), both rendered June 13, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree under indictment No. 87-00813, after a nonjury trial, and criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree under indictment No. 87-01230, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the expert testimony at trial was not based entirely on comparative tests using "known" but uncertified standards, but on a series of different tests, using other scientific means. Thus, the court properly allowed the expert to express her opinion that the substance sold by the defendant was cocaine and it was for the trier of fact to determine what weight to give her opinion *(see, People v Hushie,* 145 AD2d 506; *People v Flores,* 138 AD2d 512; *People v Wicks,* 122 AD2d 239).

The People clearly established a prima facie case against

the defendant on each of the crimes charged under indictment No. 87-00813. Thus, the trial court's denial of defendant's motion for a trial order of dismissal was proper *(see, People v Levine,* 106 AD2d 471; CPL 290.10 [1]).

We have reviewed the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.