■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BAILEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered March 22, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sole claim is that a police chemist who qualified as an expert should not have been allowed to testify as to the weight of the cocaine seized since a proper foundation had not been laid for the admission of the testimony. Because the defendant did not object to the expert's testimony on this ground or otherwise raise this claim at trial, the issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v De La Rosa,* 162 AD2d 698). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 13, 1988, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In this regard, we note that the complainant's testimony demonstrated that the defendant used physical force during the commission of the robbery *(see, e.g., People v Crespo,* 158 AD2d 466; *People v Johnstone,* 131 AD2d 782). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.