■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Frank Almanzar, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered January 9, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the Spanish-speaking defendant attended his *Sandoval* hearing without the benefit of an interpreter, under the circumstances of this case, wherein the hearing court ruled that no inquiry whatsoever would be allowed into the sole incident proffered by the People, a prior arrest on a weapons possession charge, we find that the defendant's effective participation in the *Sandoval* hearing would have been merely superfluous *(see, People v Dokes,* 79 NY2d 656).

The defendant's contention that he received ineffective assistance of trial counsel is likewise without merit. Given the defendant's position at trial, wherein he claimed to have no knowledge of the cocaine found in his possession, the defense counsel's determination not to cross-examine the People's expert chemist-witness concerning her analysis of the drugs was a reasonable tactical decision *(see, People v Baldi,* 54 NY2d 137). The present case is to be distinguished from those wherein the People's expert merely compares the suspected controlled substance with samples presumed to consist of the same drugs, but which are not independently verified by the witness as to their composition *(see, People v Rodriguez,* 94 AD2d 805; *People v Branton,* 67 AD2d 664; *People v Miller,* 57 AD2d 668).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and his claim of excessive sentence, and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.