■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GARCIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered May 7, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Orenstein, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was observed by an experienced undercover police officer standing on a street corner which was often the target of drug-related police operations, engaging in a brief conversation, and subsequently exchanging a "small item" with another individual for a sum of currency as two other men stood by and watched passing vehicular and pedestrian traffic. Immediately after the defendant departed with the other individuals, the purported purchaser was apprehended, and, upon searching him, the officer found a single vial in the pocket where the officer had observed him place it after the transaction. Shortly thereafter, the officer returned to the scene of the purported sale, and arrested the defendant after finding him alone in front of a nearby bodega. During processing, while the officer and desk sergeant were discussing the circumstances surrounding the purported sale, the defendant, who was handcuffed to a nearby bench, blurted out, "I sold him a jacket".

The defendant's contention that the police did not have probable cause to arrest him is without merit (see, People v Jones, 186 AD2d 681; People v Medina, 107 AD2d 302; People v Bittner, 97 AD2d 33). Further, the hearing court properly

determined that the defendant's statement was spontaneous, inasmuch as an objective observer would not conclude from the surrounding circumstances that the conduct of the police officers was likely to elicit a response from the defendant *(see, People v Gonzalez,* 175 AD2d 137; *People v Betancourt,* 173 AD2d 481).

Additionally, the trial court properly rejected the defendant's request for a hearing with respect to the admissibility of expert testimony concerning computer-generated evidence of the presence of cocaine in the vial after testing by infrared spectroscopy, given the professional acceptability of this method in determining the "chemical fingerprint" for cocaine *(see, People v De Zimm,* 112 Misc 2d 753, *affd* 102 AD2d 633; *see also, People v McHugh,* 124 Misc 2d 559). We further find, in light of the expert's testimony that he conducted various tests in forming his opinion that the vial contained cocaine, the prosecution sufficiently established the presence of cocaine in the substance found in the vial *(see, People v Flores,* 138 AD2d 512, 513; *People v Gonzalez,* 127 AD2d 787, 788; *People v Wicks,* 122 AD2d 239; *cf., People v Branton,* 67 AD2d 664; *People v Miller,* 57 AD2d 668).

Viewing the evidence adduced at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.