■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY McTOOTLE, Appellant. [602 NYS2d 425] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 20, 1988, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that his arrest was not based on probable cause. The evidence adduced at the hearing indicates that the arresting detective witnessed the defendant push his way into an apartment. After verifying with the tenant that the defendant had no right to enter her apartment, the detective had probable cause to arrest the defendant for criminal trespass and to search him incident to that arrest (see, People v Gonzalez, 138 AD2d 622). Therefore, we find that the hearing court properly refused to suppress the cocaine recovered as a result of the post-arrest search of the defendant.

Furthermore, we find that there is no merit to the defendant's contention that there was legally insufficient evidence supporting his convictions of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. It is well-settled that an expert who tested the substance recovered for the presence of cocaine may not rely solely upon a test involving a comparison of the substance to a known standard, when the expert failed to also test the known standard (see, People v Branton, 67 AD2d 664; People v Miller, 57 AD2d 668). However, such a test may be relied upon by the expert, in conjunction with a series of different tests, not all involving a known standard, when testifying as to an opinion that the substance contained cocaine (see, People v Flores, 138 AD2d 512; People v Gonzalez, 127 AD2d 787; People v Wicks, 122 AD2d 239). Therefore, in viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt

beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review or are without merit. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.