■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BURNETT, Appellant. [666 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered April 28, 1995, convicting him of criminal sale of a controlled substance in the fifth degree (three counts), criminal possession of a controlled substance in the fifth degree (three counts), and criminal possession of a controlled substance in the seventh degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction was based on legally insufficient evidence because the People's forensic chemist did not distinguish between the natural L-cocaine and its synthetic isomer D-cocaine. Contrary to the defendant's contention, a controlled substance under Schedule II of Public Health Law § 3306 includes cocaine and all of its isomers (Public Health Law § 3306 [b] [4]). Hence, upon the forensic chemist's conclusion that cocaine was present in the substance tested, there was no need for additional testing to ascertain whether the substance was L-cocaine or D-cocaine.

Furthermore, the chemist's opinion testimony that the vials contained cocaine was properly admitted into evidence given the basis of that opinion, to wit, four chemical analyses, three of which did not employ a known standard. It is well settled that an expert who tests a substance for the presence of cocaine may not rely solely upon a test involving a comparison of the substance at issue to a known standard when the accuracy of the known standard is not established (*see, People v De La Rosa,* 162 AD2d 698; *People v Flores,* 138 AD2d 512). However, when the expert's opinion testimony that the substance contained cocaine is not based solely upon comparative tests using known standards but also on a series of other tests not involving known standards, a comparison test may then be relied upon by the expert (*see, People v De La Rosa, supra; People v Flores, supra*). Therefore, in viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.