■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE GENTLE, Appellant. [666 NYS2d 455] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered January 31, 1995, convicting

him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminal possession of drug paraphernalia in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was not legally sufficient to sustain his conviction is not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the photocopies of the two pages of the forensic laboratory log book and the laboratory submission receipts were properly admitted into evidence as business records (*see,* CPLR 4518 [a]; 4539) after a proper foundation was established (*see, People v Kennedy,* 68 NY2d 569, 579-580; *People v Rosa,* 156 AD2d 733; *People v Flores,* 138 AD2d 512, 513).

The defendant's contention regarding the admission of expert testimony is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the evidence of the various chemical analyses conducted on the substances recovered, including both screening and confirmatory tests testified to by the People's forensic expert, was more than adequate to support the expert's opinion that the substances were cocaine and heroin (*see, People v Garcia,* 190 AD2d 749, 750; *People v Tramell,* 152 AD2d 989, 990; *People v Flores, supra; People v Harris,* 130 AD2d 939, 940). Additionally, the forensic expert testified that prior to her use of the laboratory samples to which she compared the substances recovered from the defendant, she tested the laboratory samples to verify that they were heroin and cocaine (*cf., People v Branton,* 67 AD2d 664, 665; *People v Miller,* 57 AD2d 668, 669).

The defendant's remaining contentions are without merit. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.