(April 23, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON FALLEN, Appellant. [672 NYS2d 157] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 5, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and escape in the first degree.

Defendant was arrested after two police officers observed him discard items on a public street which were later confirmed to be 33 individually wrapped packages of cocaine. Following a preliminary hearing on the drug charges that ensued, defendant fled from police custody but was apprehended within minutes. Indicted on escape in the first degree and one count each of criminal possession of a controlled substance in the third, fourth and fifth degrees and convicted of all four charges following a jury trial, defendant appeals. We now affirm.

Defendant first contends that the People failed to present legally sufficient evidence to support the element of "intent to sell" necessary to sustain his conviction for criminal possession of a controlled substance in the third degree (*see*, Penal Law § 220.16 [1]). In the absence of a timely and specific motion to dismiss addressed to this alleged insufficiency in proof, this issue is not properly preserved for our review (*see, People v Gray*, 86 NY2d 10, 19; *People v Jones*, 239 AD2d 602, 603, *lv denied* 90 NY2d 894). Moreover, we are not persuaded to reverse defendant's conviction on this count under our interest of justice jurisdiction (*see*, CPL 470.15 [6] [a]). While the mere fact that a defendant is found in possession of a package of cocaine does not in and of itself permit an inference of an intent to sell the drug (*see, People v Lamont*, 227 AD2d 873, 875), the

quantity of cocaine observed in defendant's possession—approximately eight grams—and the fact that it was divided into 33 individually wrapped plastic packages, justified the inference that defendant possessed the drug for resale, thereby establishing the intent to sell element of criminal possession of a controlled substance in the third degree (*see, People v Belo*, 240 AD2d 964, 965, *lv denied* 91 NY2d 869; *People v Smith*, 217 AD2d 910, 911). We are similarly unpersuaded by defendant's contention that the testimony of the two police officers who retrieved the drugs deprived him of a fair trial by improperly usurping the jury's fact-finding function (*cf., People v Lamont, supra*).

Defendant next contends that expert testimony from State Police Forensic Scientist Andre Lavigne identifying the contents of the packages as cocaine lacked proper foundation warranting reversal of his drug convictions. Having failed to object to any of Lavigne's testimony or the admission of two reports detailing his findings on this ground, this claim is also unpreserved for review (*see, People v Spence*, 182 AD2d 845, 845-846; *People v Bailey*, 178 AD2d 420, *lv denied* 79 NY2d 918; *People v De La Rosa*, 162 AD2d 698). Again, reversal in the interest of justice is unwarranted as, in any event, the contention is without merit (*see*, CPL 470.15 [6] [a]). Lavigne testified that he performed three separate tests on the packaged substances and each test indicated that the packages contained cocaine. Thus, while one of the tests employed a comparison to a "known standard" whose accuracy was not clearly established during the trial, Lavigne's testimony nevertheless established that the substance was cocaine based upon at least one other test which did not involve the use of known standards (*see, e.g., People v Burnett*, 245 AD2d 460; *People v McTootle*, 197 AD2d 597, *lv denied* 87 NY2d 975; *People v Rotundo*, 194 AD2d 943, 945-946, *lv denied* 82 NY2d 726; *People v Jones*, 134 AD2d 452, 453, *lv denied* 70 NY2d 956).

Upon our review of the cross-examinations of defendant, his brother and another defense witness, any alleged improper questioning by the People was not objected to and is therefore unpreserved for review (*see*, CPL 470.05 [2]). Nor is reversal warranted in the interest of justice as any alleged error was of insufficient magnitude and did not deprive defendant of a fair trial (*see*, CPL 470.15 [6] [a]). Finally, we find no support in the record to substantiate defendant's contention that his sentence—which is longer than one offered in exchange for a guilty plea prior to trial—was imposed as a punishment for exercising the right to a trial. Accordingly, we decline to

exercise our discretion and reduce it in the interest of justice (*see*, CPL 470.15 [6] [b]).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.