THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY C. DARRISAW, Appellant. [886 NYS2d 315]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 12, 2008. The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]). In accordance with our decision in *People v Pacer* (21 AD3d 192 [2005], *affd* 6 NY3d 504 [2006]), we conclude that the "Affidavit of Regularity/Proof of Mailing" (affidavit) prepared by an employee of the Department of Motor Vehicles (DMV) constituted testimonial evidence that did not fall within the business records exception to the hearsay rule (*see* CPLR 4518 [a]; CPL 60.10). The affidavit served as "a direct accusation of an essential element of the crime" (*Pacer*, 6 NY3d at 510) and, indeed, it was the only evidence suggesting that defendant had the requisite notice of his driver's license suspensions. Defendant's opportunity to cross-examine a DMV employee who was not directly involved in sending out suspension notices and who had no personal knowledge of defendant's driving record was insufficient to protect defendant's Sixth Amendment right of confrontation (*see Crawford v Washington*, 541 US 36 [2004]). We therefore reverse the judgment and grant a new trial on count two of the indictment.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.