■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE RAYFORD, Appellant. [916 NYS2d 603]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 16, 2009, convicting him of criminal possession of a controlled substance in the third degree and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the drugs he was charged with possessing were improperly admitted into evidence is without merit. Where, as here, reasonable assurances established that the drugs sought to be admitted were the same as those recovered by the police after the defendant's arrest and were unchanged, any deficiencies in the chain of custody went only to the weight to be accorded the evidence, not the admissibility (*see People v Caballero*, 34 AD3d 690 [2006]; *People v Williams*, 5 AD3d 705 [2004]; *People v Donovan*, 141 AD2d 835, 836-837 [1988]).

Contrary to the defendant's contention, opinion testimony by the People's expert that the substance recovered by the police was cocaine was admissible and, thus, the evidence was not legally insufficient to prove the defendant's guilt. "[A]n expert who tests a substance for the presence of cocaine may not rely solely upon a test involving a comparison of the substance at issue to a known standard when the accuracy of the known standard is not established" (*People v Burnett*, 245 AD2d 460 [1997]; *see People v De La Rosa*, 162 AD2d 698 [1990]). However, "when the expert's opinion testimony that the substance contained cocaine is not based solely upon comparative tests using known standards but also on a series of other tests not involving known standards, a comparison test may then be relied upon by the expert" (*People v Burnett*, 245 AD2d at 460; *see People v De La Rosa*, 162 AD2d 698 [1990]). Here, the People's expert used three different tests, only one of which involved comparing the substance at issue to a known standard.

The defendant correctly contends that the admission of a certain document as proof that a "Notice of Suspension" of his driver's license had been mailed to him constituted testimonial hearsay and, thus, violated his right of confrontation (*see People v Pacer*, 6 NY3d 504 [2006]; *People v Wolters*, 41 AD3d 518 [2007]; *People v Darrisaw*, 66 AD3d 1427 [2009]; *see also Crawford v Washington*, 541 US 36 [2004]; *People v Rawlins*, 10 NY3d 136, 150 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]). Nevertheless, the error was harmless beyond a reasonable doubt, particularly in light of the defendant's own admissions during his testimony that when he decided to drive on the day of his arrest, he had reason to know that his license was suspended (*see* Vehicle and Traffic Law § 511 [1] [a]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's challenge to the prosecutor's comments during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Williams*, 305 AD2d 703 [2003]). In any event, although some of the prosecutor's comments were improper, they were "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Kadry*, 30 AD3d 440 [2006]; *People v Peterson*, 186 AD2d 231, 232-233 [1992]; *cf. People v Brown*, 30 AD3d 609, 610 [2006]). Moreover, any prejudice that may have resulted therefrom was alleviated when the County Court sustained the defendant's objections and provided curative instructions to the jury (*see People v Williams*, 14 AD3d 519 [2005]). Thus, reversal is not warranted (*see People v Almonte*, 23 AD3d at 394; *People v White*, 196 AD2d

641 [1993]; *People v Morales*, 168 AD2d 85, 90 [1991]; *People v Roopchand*, 107 AD2d 35, 36 [1985], *affd* 65 NY2d 837 [1985]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.