People v Stokeling (2018 NY Slip Op 07158)





People v Stokeling


2018 NY Slip Op 07158


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2014-08295
 (Ind. No. 6389/12)

[*1]The People of the State of New York, respondent,
v
Wayne Stokeling, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered August 13, 2014, convicting him of leaving the scene of an incident without reporting, aggravated unlicensed operation of a motor vehicle in the first degree, and unlicensed operation of a motor vehicle, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of aggravated unlicensed operation of a motor vehicle in the first degree and unlicensed operation of a motor vehicle, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on those counts of the indictment.
The defendant appeals from a judgment convicting him of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (see Vehicle and Traffic Law § 511[3][a][ii]). To establish guilt of this offense, the People must prove, among other things, that the accused committed the offense of aggravated unlicensed operation of a motor vehicle in the third degree, which requires evidence that the "person operate[d] a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner" (Vehicle and Traffic Law § 511[1][a]).
To establish that the defendant operated a motor vehicle while knowing that his license was suspended or revoked, the People presented the testimony of a supervisor of the New York State Department of Motor Vehicles (hereinafter the DMV), who testified about the DMV's process of mailing notices of revocation and/or suspension. The DMV supervisor testified that an order of suspension was mailed to the defendant in 1999, and she read into the record an affidavit, sworn to in 2012, which detailed the procedures related to mailing these notices and also stated, "upon information and belief," that the notice was in fact mailed to the defendant in 1999. However, the DMV supervisor herself admittedly had no personal knowledge of the mailing to the defendant, and the People did not produce the original 1999 affidavit of mailing.
The Supreme Court should not have permitted this testimony, as it violated the [*2]defendant's right of confrontation (see CPLR 4518[a]; CPL 60.10; People v Pacer, 6 NY3d 504; People v Rayford, 80 AD3d 780, 781; see also Crawford v Washington, 541 US 36). The defendant was never given the opportunity to cross-examine a DMV employee who was directly involved in sending out suspension notices and who had personal knowledge of defendant's driving record. The DMV supervisor's testimony was improperly allowed to establish an essential element of the crime. The court, in permitting this testimony, failed to ensure that the defendant's Sixth Amendment right of confrontation was protected (see Crawford v Washington, 541 US 36; People v Pacer, 6 NY3d 504; People v Rayford, 80 AD3d at 781; People v Darrisaw, 66 AD3d 1427, 1428).
We therefore modify the judgment of conviction by vacating the conviction of aggravated unlicensed operation of a motor vehicle in the first degree as well as the conviction of the inclusory concurrent count charging unlicensed operation of a motor vehicle, and order a new trial on those counts.
The defendant's remaining contentions are without merit or need not be reached in light of our determination.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court