THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROCCO MATRA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 15, 1972, convicting him, after a non-jury trial, of two counts of criminal contempt in violation of subdivision 4 of section 215.50 of the Penal Law, and sentencing him to a prison term of six months on each count, sentences to run concurrently. Judgment modified by dismissal of the second count of the indictment, on the law and the facts. As so modified, judgment affirmed. Defendant Rocco Matra appeared before the May, 1968 Kings County Grand Jury, on November 7, 1968, in connection with its investigation into a purported crime syndicate. He refused to answer any questions on constitutional grounds, notwithstanding that he had been granted full and complete immunity from prosecution. On March 12, 1969, Criminal Term rejected all of Matra's objections with respect to the Grand Jury interrogation on November 7, 1968, and also directed him to appear before said body and answer any questions put to him. Although he returned to the Grand Jury on March 12, 1969, he again refused to answer any questions. The questions propounded on the latter date were similar to those asked him on November 7, 1968. On March 18, 1969, Criminal Term adjudged him guilty of criminal contempt of court "for his contumacious and unlawful refusal after being duly sworn as a witness to answer any legal and proper interrogatories and for his wilful disobedience to the lawful mandate of this Court, committed a criminal contempt of court in the immediate view and presence of the Court and that said contempt was wilful and unlawful and in violation of Section 750 of the Judiciary Law of the State of New York". He was then ordered to be imprisoned for 30 days and to pay a fine of $250. The imprisonment was served and the fine was paid. On April 9, 1970, the same Grand Jury recalled Matra and put questions to him similar to those it asked him November 7, 1968, and March 12, 1969. On such occasion he reiterated his prior refusals to respond although again granted immunity from prosecution. Later in 1970, Matra was indicted for criminal contempt under subdivision 4 of section 215.50 of the Penal Law, for his failure to answer any questions before the Grand Jury on April 9, 1970, and on November 7, 1968. The alleged contempt committed on April 9, 1970, is the subject matter of the first count, and the alleged contempt on November 7, 1968, is the subject matter of the second count. In our opinion, the Criminal Term order of March 18, 1969, finding the defendant guilty of criminal contempt under section 750 of the Judiciary Law, was based on his refusal to obey the judicial

mandate to answer questions of the Grand Jury on March 12, 1969, and also *inter alia,* on his refusal to answer any legal and proper interrogatories when he appeared before that body on November 7, 1968. Therefore, since the contempt citation of the court on March 18, 1969, was based both on the contempt of court on March 12, 1969, and the contempt committed before the Grand Jury on November 7, 1968, the defendant should not have been indicted and prosecuted under subdivision 4 of section 215.50 of the Penal Law, for his failure to answer questions before the Grand Jury on November 7, 1968 (*Matter of Capio* v. *Justices of Supreme Ct.,* 41 A D 2d 235; cf. *Colombo* v. *New York,* 405 U. S. 9). However, we affirm the conviction with respect to the first count of the indictment. Matra's refusal to testify before the Grand Jury on April 9, 1970, obviously not embraced in the prior Criminal Term's order of March 18, 1969, *supra,* was a separate and distinct violation of subdivision 4 of section 215.50 of the Penal Law (*People* v. *Colombo,* 31 N Y 2d 947; *Matter of Capio* v. *Justices of Supreme Ct., supra*). The fact that the subject matter being investigated by the Grand Jury on November 7, 1968, was the same as that being investigated by it on April 9, 1970, and at each appearance, Matra was asked the same or similar questions, does not support his contention that only one crime was committed by his refusal to respond on each occasion. The law is settled in this State that any individual is subject to being recalled as a witness before a Grand Jury, and the refusal by a contemnor to answer questions submitted on separate appearances before such body on separate days, gives rise to separate offenses (*Matter of Second Additional Grand Jury* v. *Cirillo,* 12 N Y 2d 206; *Matter of Vario* v. *County Ct., Nassau County,* 32 A D 2d 1038). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.