■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JONES, Appellant.—Judgment of the Supreme Court, New York County (Paul Bookson, J.), rendered June 12, 1986, convicting defendant-appellant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and sentencing him to an indeterminate term of imprisonment of 2 to 4 years, is unanimously reversed, on the law, and the indictment dismissed.

Defendant's conviction arose from his sale of 10 Darvocets to an undercover police officer. We agree with defendant that this conviction must be reversed and the indictment dismissed, because the People have failed to prove that the drug defendant sold, propoxyphene, the generic name for Darvo-

cets, was a controlled substance listed in section 3306 of the Public Health Law. "Controlled Substance" is defined in the Penal Law as any substance listed in schedules I through V of Public Health Law § 3306. (Penal Law § 220.00 [5].) Propoxyphene is not listed in any of the schedules, although this is what the indictment charges the defendant with selling. The drug dextropropoxyphene is, however, listed in schedule IV as a proscribed drug, while another type of propoxyphene, levopropoxyphene, is specifically excepted as a controlled substance in schedule II. As it appears there are two varieties of propoxyphene, it was incumbent upon the People to prove that the propoxyphene defendant sold was chemically identical to the dextropropoxyphene listed in schedule IV as a proscribed drug. This burden was not met.

The People's evidence on this issue consisted only of the conclusory opinion of one of the chemists called to testify at trial that the propoxyphene defendant sold was a controlled substance. This witness, however, offered no factual basis to support her opinion that propoxyphene was a controlled substance. Yet, a factual basis was required, since propoxyphene is not listed in any of the schedules in Public Health Law § 3306. There was, for example, no evidence submitted that any comparison was made of the chemical composition of the propoxyphene defendant sold and of the dextropropoxyphene listed in schedule IV as a controlled substance.

The trial court concluded that the drug was a controlled substance by relying both on a hearsay statement given to him by an unidentified person that propoxyphene and dextropropoxyphene were the same substance and information from the Physicians' Desk Reference. The out-of-court statement made to the court by the unidentified witness cannot be relied upon to sustain the People's burden of proving that defendant sold a controlled substance, because the statement was not subjected to cross-examination and the factual basis to support that person's opinion was unknown, as was that person's qualifications to even give such an opinion. The reliance on the Physicians' Desk Reference was also improper. To the extent this book purports to list contraband drugs, it does so only with reference to the Federal Controlled Substance Act of 1970, not the New York State statutes. Moreover, the manufacturer's information in that book about Darvocets describes the product as propoxyphene, but provides a chemical composition definition slightly different from that ascribed to dextropropoxyphene in Public Health Law § 3306, schedule IV. Without expert testimony from a chemist as to whether this

difference is significant, we cannot take judicial notice that Darvocets are what the New York Legislature meant to proscribe as a contraband drug when it included dextropropoxyphene in schedule IV.

Accordingly, the People failed to prove by sufficient evidence that defendant sold the controlled substance dextropropoxyphene, and this conviction must be reversed and the indictment dismissed. Concur—Sandler, J. P., Ross, Carro, Milonas and Ellerin, JJ.