OPINION OF THE COURT
Bellacosa, J.
The People appeal from an order of the Appellate Division *429 reversing a conviction after jury trial for criminal sale of a controlled substance in the fifth degree and dismissing the indictment. The decisional ground was insufficiency of the proof that the 10 sold Darvocet tablets were a criminally forbidden controlled substance. We agree with the Appellate Division that the People failed to provide sufficient evidence, through its expert chemist witness or otherwise, that the tablets at issue consisted of or were chemically equivalent to the controlled substance defendant was charged with selling. The People’s appeal, therefore, fails and we affirm the order of dismissal.
Defendant was arrested for the sale of 10 Darvocet tablets to an undercover police officer for $10 in a routine "buy and bust”. He was then indicted for the sale of a controlled substance alleged to be propoxyphene. At trial, an expert in chemistry and in the analysis of controlled substances testified for the People that Darvocet is propoxyphene and added, over objection, that it was a controlled substance. Her qualifications as an expert were not objected to and are not in question on this appeal. The Trial Justice later instructed the jury, based upon information he acquired from an unidentified source and from the Physician’s Desk Reference, that propoxyphene was the same as dextropropoxyphene. The latter is explicitly enumerated as a controlled substance in schedule IV of Public Health Law § 3306 (see also, Penal Law § 220.00 [5]). Defendant again took exception, arguing the jury had no evidence before it that dextropropoxyphene, the only listed controlled substance in this generic category, was the same as propoxyphene or Darvocet.
The Appellate Division’s memorandum for reversal of the conviction stated that inasmuch as there are "two varieties of propoxyphene, it was incumbent upon the People to prove that the propoxyphene defendant sold was chemically identical to the dextropropoxyphene listed in schedule IV [of Public Health Law § 3306] as a proscribed drug” and that the expert "offered no factual basis to support her opinion that propoxyphene was a controlled substance” (138 AD2d 301, 302).
Despite the expert’s excellent credentials and her ample, ordinary foundational testimony, she was not asked nor did she provide the essential element to answer the determinative question as to what controlled substance, if any, was contained in the tested tablets and, without that evidentiary base, a bald conclusion that it is a forbidden controlled substance is *430 useless in this criminal prosecution. To suggest that the defendant can somehow attend to this deficiency as to the expert’s opinion, or the critical element upon which it is based, by cross-examination is to shift functionally the burden of proof as to the core element of the crime itself which must be proved in this case — sale of a controlled substance.
As a general rule, in order for an expert’s opinion to qualify as evidence supplying a necessary element of proof on a sufficiency review, it must rest on facts in evidence or on those personally known and testified to by the expert (People v Samuels, 302 NY 163, 171, 172; People v Keough, 276 NY 141, 145-146). A flexibility has evolved which permits expert reliance on out-of-court material "if it is of a kind accepted in the profession as reliable in forming a professional opinion” or, alternatively, if it "comes from a witness subject to full cross-examination on the trial” (People v Sugden, 35 NY2d 453, 460, 461; see, Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726; People v Stone, 35 NY2d 69, 74-76; McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1989 Supp Pamph, CPLR 4515). Authorized use of facts from outside the evidentiary record does not, however, alter "the basic principle that an expert’s opinion not based on facts is worthless” (Caton v Doug Urban Constr. Co., 65 NY2d 909, 911) because "[a]n expert’s opinion is only as sound as the facts upon which it is based” (People v Cronin, 60 NY2d 430, 434 [Cooke, Ch. J., concurring]).
Consequently, an expert who relies on necessary facts within personal knowledge which are not contained on the record is required to testify to those facts prior to rendering the opinion (see, Weibert v Hanan, 202 NY 328, 331). Conversely, expert opinions of the kind needing material evidentiary support for which there is none otherwise in the direct evidence or in some equivalently admissible evidentiary form have been excluded (see, People v Patrick, 182 NY 131, 172; Shore Haven Apts. v Commissioner of Fin. of City of N. Y., 93 AD2d 233, 236; Richardson, Evidence § 370 [Prince 10th ed]).
The validity of this evidentiary theorem, requiring support for the expert’s evidentiary submission of an essential element of the crime charged, may be tested by examining its functional and practical operation especially in a case of this kind. Expert opinion testimony is used in partial substitution for the jury’s otherwise exclusive province which is to draw "conclusions from the facts” (People v Cronin, 60 NY2d 430, *431 432, supra). It is a kind of authorized encroachment in that respect. But, to insure that the jury is not doubly displaced, it "must [at least] have the facts upon which the expert bases his opinion in order to evaluate the worth of that opinion” (People v Samuels, 302 NY 163, 172, supra), as well as to judge the reliability of extrajudicial material, if that is the plank upon which the expert’s opinion rests (see, Hambsch v New York City Tr. Auth., 63 NY2d 723, 726, supra). It is also necessary so as not to dispense with or shift the prosecutor’s absolute burden to prove every element of the crime charged beyond a reasonable doubt.
The pertinency, indeed the criticality of these evidentiary norms as applied to this case, is evident from examination of Public Health Law § 3306, which references two substances with a propoxyphene root: dextropropoxyphene, which is a controlled substance (see, schedule II [c] [5]; schedule IV [b] [2]) proscribed by Penal Law § 220.00 (5), and levopropoxyphene, which is expressly excepted from controlled substance classification (see, schedule II [c]). The People’s chemist testified that Darvocet is propoxyphene and then opined that it was a controlled substance. But that particular leap does not necessarily succeed in chemistry, logic or law because neither the jury nor we as a reviewing court governed by a record of evidence have been given anything to bridge the gap. Without admissible proof of some kind connecting Darvocet to the forbidden dextropropoxyphene, the chain is severed and incomplete. In failing to supply an evidentiary predicate for their own chemist expert’s ultimate conclusion, the People presented an insufficient case. The corpus delicti of the crime charged is lacking and this record, as far as the entire proof shows, is susceptible to the equally available and innocent inference that the sold Darvocets could just as well have been the lawful propoxyphene derivative, levopropoxyphene.
Moreover, this core deficiency could not be cured in the circumstances of this case by the trial court taking judicial notice that Darvocet may be composed of the forbidden dextropropoxyphene compound. That judicial rescue of the People’s inadequate case came too late and from unacceptable sources as well.
To be sure, a court may take judicial notice of facts " 'which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy’ ” (Richardson, Evidence § 9 [Prince 10th ed]; see, *432 Matter of Crater Club v Adirondack Park Agency, 86 AD2d 714, 716, affd 57 NY2d 990; see, e.g., Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins., 72 NY2d 753, 764-765). An expert’s opinion may quite ordinarily be founded upon facts deemed proven by the judicial notice route where the opportunity for challenge and cross-examination of the expert’s opinion testimony is adequately and timely provided. However, a defendant’s protections in this regard cannot be dispensed with by a trial court which, in an effort to salvage a People’s expert’s "proof’, takes judicial notice of necessary ingredients from a hearsay source or from unidentifiable or nonindisputable sources outside the record or at a time subsequent to the close of testimony (see, People v Sugden, 35 NY2d 453, 459, supra).
The corpus delicti of the crime charged in this case was that defendant sold a controlled substance. The People failed to prove by their chemist expert witness or by subsequent judicial notice or by other evidentiary norms that the sold Darvocet tablets were indeed the forbidden dextropropoxyphene. Inasmuch as the expert’s unsubstantiated opinion to that ultimate conclusion arcs over the indispensable evidentiary nexus, the conviction was correctly overturned.
Accordingly, the Appellate Division’s order reversing the conviction and dismissing the single count indictment should be affirmed.