■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered October 23, 1986, which convicted defendant, after bench trial, of criminal possession of a controlled substance in the seventh degree and sentenced him to a $250 fine (or in the alternative 90 days' imprisonment) and a $60 mandatory surcharge (or in the alternative five days' imprisonment), unanimously reversed, on the law, and the indictment dismissed, and the fine and surcharge remitted.

Defendant's conviction arises out of his possession and alleged sale of 12 red pills to an undercover police officer. At trial, by stipulation of the parties, the laboratory report of a police chemist was admitted into evidence. This report indicated that the 12 red pills recovered from defendant contained propoxyphene. This report did not identify the pills further, and no other evidence was offered by the People to prove the content and identity of the pills, nor to prove that the pills were a controlled substance.

Title M, article 220 of the Penal Law, which governs controlled substances offenses, defines a controlled substance as any substance listed in schedule I, II, III, IV or V of section 3306 of the Public Health Law. Propoxyphene is not listed in these schedules. Accordingly, the conviction must be reversed and the indictment dismissed, because the People failed to prove that the drug possessed by the defendant was a controlled substance, and therefore there is insufficient evidence to support the conviction. *(See, People v Jones,* 138 AD2d 301, *affd* 73 NY2d 427.) Concur—Murphy, P. J., Kassal, Rosenberger, Ellerin and Rubin, JJ.