■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT BELLINI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 2, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by refusing to allow his expert psychologist to answer certain hypothetical questions concerning the physical and behavioral effects that cocaine ingestion might have had on the victim on the night of her death. Questions regarding the admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court, and opinion testimony may be properly excluded where it does not rest on facts in evidence or those personally known and testified to by the expert (see, People v Jones, 73 NY2d 427; People v Cronin, 60 NY2d 430). In the instant case, the record discloses that many of the hypothetical questions posed by defense counsel assumed facts not in evidence or not established by reliable evidence, while others were not within the psychologist's field of expertise or were improperly framed (see, People v Jones,

*supra; People v Cronin, supra; see also, O'Shea v Sarro,* 106 AD2d 435). An " 'expert's opinion is only as sound as the facts upon which it is based' " *(People v Jones, supra,* at 430), and we cannot conclude under these circumstances that the court erred in limiting the scope of the defense expert's testimony.

The defendant's further contention that the trial court erred in including a duty to retreat instruction in its justification charge is unpreserved for review *(see, People v Leisner,* 73 NY2d 140, 147; *People v Hoke,* 62 NY2d 1022; *see also, People v McCray,* 149 AD2d 736). In any event, the inclusion of the duty to retreat instruction in the court's charge does not require reversal in the interest of justice since the justification charge as given was not prejudical to the defendant's position at trial, and since the extreme violence of the defendant's actions negated any claim that they were reasonably necessary to defend himself *(see, People v Sanchez,* 131 AD2d 606; *People v Lucchese,* 127 AD2d 699).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review, without merit, or harmless. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.