■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE KAPLAN, Appellant.—Judgment, Supreme Court (Allen G. Alpert, J.), rendered August 4, 1988, convicting defendant, after a jury trial, of six counts of criminal sale of a controlled substance in the first degree, four counts of criminal possession of a controlled substance in the first degree, three counts of criminal possession of a controlled substance in the second degree, eight counts of criminal possession of a controlled substance in the third degree, and one count of criminal sale of a controlled substance in the third degree and sentencing him to concurrent indeterminate terms aggregating 15 years to life, unanimously affirmed.

The sole question presented on appeal is whether the court erred in denying defendant's application to call an expert psychiatric witness to testify that as a result of defendant's drug dependency, he was more susceptible to inducement, in connection with the entrapment defense raised. While such testimony is generally admissible (see, United States v Newman, 849 F2d 156, 165), a necessary predicate for its admission is that it rest on facts in evidence or personally known to the expert (People v Jones, 73 NY2d 427, 430). After an extensive voir dire, it was established that the expert did not have personal knowledge of defendant's purported addiction, and at the time defendant sought to call the expert, no facts, except hearsay testimony, had been offered regarding defendant's alleged addiction. The trial court suggested that it would admit the expert testimony if defendant were to testify and supply the requisite foundation. Defendant eventually took the stand and testified, stating that he was in fact a drug addict. During a recess in the midst of defendant's testimony the court asked defense counsel if he would next call the psychiatrist and counsel answered affirmatively. However, the doctor was never called. Under these circumstances, defendant has failed to preserve the claim, having failed to avail himself of the opportunity to call the witness at the appropriate time. Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Rubin, JJ.