OPINION OF THE COURT
John D. Doyle, J.
GRAND jury minutes
Indictment No. 765, filed September 3, 1992, accuses defendant, Myron Hughes, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Defendant requests the court to inspect the stenographic minutes of the Grand Jury proceedings and moves for an order, pursuant to CPL 210.20 (1) (b), dismissing or reducing the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged. Defendant further moves for an order, pursuant to CPL 210.20 (1) (c), dismissing the indictment on the ground that the Grand Jury proceeding was defective.
*665 The court has inspected the stenographic minutes of the Grand Jury proceedings.
CPL 190.65 (1) provides that "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense * * * and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense”. On a motion to dismiss an indictment pursuant to CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence. The court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the Grand Jury (People v Jennings, 69 NY2d 103). "The sufficiency of the People’s presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury.” (People v Jennings, 69 NY2d, at 114.)
Here, the evidence before the Grand Jury, viewed in the light most favorable to the People, was legally insufficient for two reasons. First, there was insufficient evidence identifying defendant as the person who committed the offenses. Second, there was insufficient evidence to establish that defendant sold and/or possessed a "controlled substance” as that term is defined in Penal Law § 220.00 (5).
Trooper Mark Jaroszewski of the New York State Police testified that on February 12, 1992, he purchased two bags of suspected cocaine from a black male who introduced himself as Myron. Later that evening, Jaroszewski viewed a photo array prepared by another officer. Jaroszewski testified that he recognized "the lower left hand corner picture as the subject that [he] had the cocaine purchase with on Smith and Orchard Street earlier that evening.” No other identification evidence was submitted to the Grand Jury.
It is well settled that in a Grand Jury proceeding, a defendant may be identified by having the complaining witness identify the person depicted in a photograph as the perpetrator and having the custodian of the police photographic records testify to the name of the person portrayed in the photograph (People v Brewster, 63 NY2d 419). In this case, however, the District Attorney failed to call the custodian of the police photographic records to testify to the name of the person portrayed in the photograph selected by Trooper Jar *666 oszewski. Consequently, the evidence before the Grand Jury was not legally sufficient to establish that defendant, Myron Hughes, is the person that committed the offenses charged in the indictment.
As noted above, the evidence is also not legally sufficient to establish that defendant sold or possessed a "controlled substance”. Trooper Jaroszewski testified that during the alleged sale, Myron gave him two bags containing "a white powder which was suspected to be cocaine”. Jaroszewski gave the evidence to a member of the Rochester Police Department. Officer Steven Grant testified that he "received two small ziplock baggies containing a white powdery substance”. Grant field tested the substance, sealed it, marked it with an evidence label, and took it to the Property Clerk’s Office. There was no evidence before the Grand Jury that the substance contained in the baggies was tested and found to be cocaine.
In a prosecution for criminal sale of a controlled substance or criminal possession of a controlled substance the People are, of course, required to establish that the substance was a "controlled substance” as defined in Penal Law § 220.00 (5) (see, People v Sierra, 45 NY2d 56; People v Rodriguez, 154 AD2d 227; People v Jones, 138 AD2d 301, affd 73 NY2d 427). Here, the People failed to establish this element; they neither submitted a lab report pursuant to CPL 190.30 nor presented expert testimony establishing that the substance was a "controlled substance”.
For the reasons stated above, defendant’s motion to dismiss the indictment pursuant to CPL 210.20 (1) (b) on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged is granted.
Defendant also moves to dismiss the indictment on the ground that the Grand Jury proceeding was defective. Pursuant to CPL 210.35 (5), a Grand Jury proceeding is defective when the proceeding "fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result”. Here, the District Attorney committed several errors which rendered the Grand Jury proceeding defective.
Trooper Jaroszewski testified that the sale allegedly took place in the area of Smith Street and Orchard Street in the City of Rochester at approximately 7:12 p.m. on February 12, 1992. Defendant Myron Hughes waived immunity in accordance with CPL 190.40 and testified that at the time the *667 offense was committed he was at 539 South Avenue with his grandmother Idella Hughes and his aunt Christine Turner. At the conclusion of the defendant’s testimony, the following exchange took place between the District Attorney and the jurors:
"Juror: We voted that we would like to have the State Trooper recalled and also 20 of us, if the grandmother was indeed was there, we would like her subpoenaed and 19 people voted that if the Aunt were there we would like her subpoenaed.
"Assistant District Attorney: We’ll recall the Trooper * * * [A] majority want an Aunt and Grandmother subpoenaed so I’ll go ahead and do that.
"Juror: Can we call Myron back in then?
"Assistant District Attorney: No. So we’ll have the Trooper come back. I’ll put out a subpoena for the Aunt and Grandmother, okay?
"Juror: You can’t bring Myron back in?
"Assistant District Attorney: No. A person has a right not to testify and we can’t compel a person to testify.
"Juror: You can request, can’t you?
"Assistant District Attorney: No.
"Juror: Right, at this point I thought he gave up his rights?
"Assistant District Attorney: For the limited purpose. We can’t compel him to. So we’ll recall the Trooper. I’ll issue subpoenas for the Aunt and the Grandmother. All right, thank you.”
The District Attorney subsequently called defendant’s grandmother, Idella Hughes, and defendant’s aunt, Christine Turner, as witnesses. Trooper Jaroszewski was not recalled. Defendant, Myron Hughes, was not recalled.
The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution (People v Calbud, Inc., 49 NY2d 389). "In order to further the safeguards of indictment by Grand Jury and to enable that body to fulfill its functions, the Grand Jury is accorded broad investigative powers (CPL art 190; Matter of Stern v Morgenthau, 62 NY2d 331, 336) and ought to be well informed concerning the circumstances of the case before it” (People v Lancaster, 69 NY2d 20, 25). The broad investigative powers accorded to the Grand Jury include the authority to *668 call as a witness any person believed by it to possess relevant information or knowledge. (CPL 190.50 [3].) Every witness is subject to being recalled as a witness before the same Grand Jury (Matter of Second Additional Grand Jury v Cirillo, 12 NY2d 206; People v Matra, 42 AD2d 865).
After hearing the testimony of defendant Myron Hughes in which he clearly raised an alibi defense, the Grand Jury voted to recall Trooper Jaroszewski. The District Attorney indicated he would comply with that request, but never did. The failure to recall Jaroszewski interfered with the Grand Jury’s ability to investigate the case and constituted a violation of CPL 190.50 (3).
The District Attorney also violated CPL article 190 by erroneously instructing the Grand Jury that the defendant could not be recalled as a witness. Upon signing and submitting to the Grand Jury a waiver of immunity pursuant to CPL 190.45, a defendant must be permitted to testify before the Grand Jury and to give any relevant and competent evidence concerning the case under consideration. There is nothing which prevents the Grand Jury from recalling a defendant. Indeed, by erroneously instructing the Grand Jury that the defendant could not be recalled as a witness, the District Attorney failed to properly fulfill his role as legal advisor of the Grand Jury (CPL 190.25 [6]), interfered with the Grand Jury’s ability to investigate the matter before it (CPL 190.50 [3]), and impinged on defendant’s right to appear before the Grand Jury (CPL 190.50 [5] [b]).
Finally, the Grand Jury proceedings were rendered defective by the District Attorney’s failure to provide any legal instructions concerning the alibi defense raised by defendant.
CPL 190.25 (6) requires the District Attorney to instruct the Grand Jury on the law with respect to the matters before it. "While instructions to the Grand Jury need not be as precise as those given to a petit jury, they may not be so misleading or incomplete as to substantially undermine the integrity of the proceedings.” (People v Caracciola, 78 NY2d 1021, 1022.)
The extent of the prosecutor’s obligation to instruct the Grand Jury on a particular defense "depends upon its potential for eliminating a needless or unfounded prosecution” (People v Valles, 62 NY2d 36, 38). Consequently, the District Attorney is not required to instruct the Grand Jury as to every mitigating defense suggested by the evidence, but must *669 instruct as to those complete defenses which, if believed, would result in a finding of no criminal liability.
Although alibi is not defined as a "defense” in the Penal Law, an alibi is treated for practical purposes the same as a statutory defense (People v Victor, 62 NY2d 374). An alibi defense is an exculpatory or complete defense, which if believed, would result in a finding of no criminal liability. Consequently, where an alibi defense is raised before the Grand Jury, the District Attorney is required to provide legal instructions concerning the defense (People v Tucker, 101 Misc 2d 660). At a minimum, the Grand Jury should have been instructed that a defendant does not have the burden of proving the truth of his alibi and that even if the Grand Jury disbelieved his alibi, no inference of guilt could be drawn from their disbelief (see, People v Tucker, supra; People v O’Neil, 79 AD2d 429; People v Wright, 86 AD2d 968; People v Schellhammer, 97 AD2d 776).
For all reasons stated above, the Grand Jury proceeding failed to conform to the requirements of CPL article 190 to such degree that the integrity of the proceeding was impaired. Any one of the errors "may” have resulted in prejudice to the defendant (see, CPL 210.35 [5]). Together, the errors substantially prejudiced the defendant.
Accordingly, defendant’s motion to dismiss the indictment pursuant to CPL 210.20 (1) (b) and 210.20 (1) (c) is granted in all respects, with leave to the People to submit the matter to another Grand Jury.