OPINION OF THE COURT
Joseph S. Silverman, J.
The defendants are charged in a voted prosecutor’s informa *433 tian with the crimes of assault in the third degree and criminal possession of a weapon in the fourth degree. The charges arise from an altercation between both parties on November 15, 1993. What is somewhat unusual about the Grand Jury action in this case is that the voted charges arise out of a cross complaint wherein each defendant accuses the other of the crimes charged during the same incident.
The court read the Grand Jury minutes pursuant to defendant’s motion to inspect and dismiss. Each defendant testified on his own behalf in the Grand Jury. Additionally two other witnesses testified, one for defendant Latorre and the other for defendant Aviles. As to be expected, the testimony on behalf of Latorre contradicted the testimony for Aviles. The witnesses testified to a prior history of conflicts between the parties and that on several prior occasions police officers had responded to 911 calls.
After hearing all of the witnesses the Grand Jury by at least 12 jurors voted that a police officer who responded to the scene in an earlier incident be called as a witness. From the testimony it appeared that this earlier incident had some bearing on what had occurred on November 15. Upon being advised of the Grand Jury’s request, the Assistant District Attorney presenting the case advised the jurors that the officer’s testimony was not relevant and he would not be called to testify in the proceeding. A vote was then taken and the prosecutor’s information herein was returned as against both defendants.
The defendants move to dismiss the prosecutor’s information pursuant to CPL 210.35 (5) on the ground that the proceeding was defective. A Grand Jury proceeding is defective when it "fails to conform to the requirements of [CPL] article [190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” (CPL 210.35 [5].) The issue presented here is whether the prosecutor’s failure to call the police officer rendered the Grand Jury presentation defective.
In opposition to the defendants’ motion the People argue that the police officer was not a witness to the incident and could not provide any relevant testimony. Therefore, the failure to call the officer resulted in no prejudice to either defendant.
The manner in which Grand Jury proceedings are to be conducted is clearly delineated in CPL article 190. The provi *434 sions in that article empower a Grand Jury by a vote of at least 12 jurors to have any witness subpoenaed whom they believe may possess relevant information regarding a criminal matter under investigation. The statute indicates that the District Attorney must comply with that direction (CPL 190.50 [3]). However, the statute does provide a "check” upon this authority by permitting the District Attorney to override a Grand Jury’s decision by application to the court that empanelled the Grand Jury.
The raison d’etre for this statutory scheme is the role that the Grand Jury system has played in our history. The Grand Jury is supposed to be an independent body whose function is to both assess the adequacy of a prosecutor’s case and indict defendants when it finds sufficient evidence as well as to protect citizens against arbitrary prosecutions. The statutory scheme set forth in the CPL seeks to preserve this historical function. While the Grand Jury is often viewed as an arm of the prosecution, it is an independent body endowed with the power to investigate criminal activity by seeking evidence which it feels is important to its determination whether to charge one with a crime. The courts have a responsibility to prevent unfairness in Grand Jury proceedings and insure that the Grand Jury remain independent and not become an adjunct of the District Attorney’s office. (People v Monroe, 125 Misc 2d 550, 553.)
In People v Hughes (159 Misc 2d 663), the trial court found the Grand Jury proceeding defective and dismissed the indictment when the prosecutor refused to recall two witnesses (including the defendant) who had already testified in the Grand Jury after the jurors had voted to have the two witnesses recalled. The court found that the prosecutor’s actions interfered with the Grand Jury’s ability to investigate the matter before it.
In this case the prosecutor similarly prevented the Grand Jury from independently investigating the case before it. The foreperson indicated that the jurors were unable to vote and the testimony from the police officer might clear up a number of things. The minutes of the proceeding further indicated that after hearing all four witnesses, the jurors were confused as to the events surrounding the assault(s):
"Foreperson: The reason we are asking is we have heard two different witnesses that testified. And at this time there has been three different stories stated. And at this time, we can’t *435 vote on this. We are unable to, I don’t know. We can waste time and deliberate or we can do that and we will be wasting time and not able to come up with that.
"Mr. Fink: You think if you hear from the police you will be able to make a decision?
"Foreperson: I [sic] will clear up a couple of things right now. It is a bunch of, this one said this and that one said that and that one.”
While the prosecutor believed the officer’s testimony was not relevant, at least 12 jurors disagreed with him and believed that the officer’s testimony may have resolved some of the issues in their minds. Perhaps after questioning the police officer, the Grand Jury may have returned a prosecutor’s information as against only one defendant and not both defendants.
This court finds that the People’s refusal to respect the Grand Jury’s request was a failure to give due deference to its status as an independent legal body and resulted in a defective Grand Jury proceeding.
For the above-stated reasons, the defendants’ motion to dismiss both informations is granted with leave to resubmit the matter to a new Grand Jury.