■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUVRYN SCARLETT, Appellant. [18 NYS3d 16]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 18, 2009, convicting defendant, after a jury trial, of murder in the second degree (two counts) and assault in the first degree, and sentencing him to an aggregate term of 20 years to life, unanimously modified, on the law, to the extent of reducing the murder convictions to second-degree manslaughter, reducing the assault conviction to second-degree assault and remanding the case for resentencing, and otherwise affirmed. Order, same court and Justice, entered on or about April 18, 2012, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The evidence was insufficient to establish that defendant possessed the requisite depraved indifference to human life necessary to sustain his second-degree murder and first-degree assault convictions. Defendant's actions, in purposefully failing to take his anti-seizure medication and choosing to drive a commercial sanitation truck in Manhattan, after having obtained a commercial driver's license by concealing his disqualifying history of epilepsy, were unquestionably deplorable and reckless. However, they do not fit into the category of cases where the conduct is at least as morally reprehensible as intentional murder (*see People v Maldonado*, 24 NY3d 48, 53

[2014]). The People failed to establish that the defendant also possessed an "utter disregard for the value of human life" (*id.*). "What matters in a depraved indifference analysis is that a defendant—even one willing to take a grossly unreasonable risk to human life—does not care how the risk turns out" (*id.* at 56 [internal quotation marks omitted]). Nevertheless, the evidence clearly demonstrated that defendant's actions were reckless. Since defendant's reckless behavior occurred before the accident, but *resulted* therein, it is irrelevant that at the very moment of the fatal crash defendant may have become unconscious and unable to form any mens rea.

Based on our review of the record and the submissions on the CPL 440.10 motion, we find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Initially, we note that to the extent any of defendant's trial counsel's alleged deficiencies may have contributed to the convictions of depraved indifference murder and assault, as opposed to crimes requiring the mens rea of recklessness, this aspect of the ineffective assistance claim has been rendered academic by our modification of the judgment. Otherwise, defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Specifically, we find that counsel made strategic choices regarding defendant's medical condition and records that were reasonable under the circumstances of the case, and that defendant has not established prejudice under the state or federal standards.

Defendant's challenge to photographs of the decedents taken while alive is unpreserved and we decline to review it in the interest of justice. The other evidentiary rulings challenged on appeal were proper exercises of discretion, and any errors were likewise harmless. Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.