People v Campbell (2020 NY Slip Op 03800)





People v Campbell


2020 NY Slip Op 03800


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-12998
 (Ind. No. 36/17)

[*1]The People of the State of New York, respondent,
v
Jason Campbell, appellant.


Janet E. Sabel, New York, NY (William B. Carney of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered November 8, 2017, convicting him of criminal possession of a controlled substance in the fifth degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), petit larceny, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the fifth degree under counts three and four of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on those counts of the indictment.
On January 1, 2017, the defendant allegedly stole a bicycle from outside of a deli. Shortly thereafter, the defendant was arrested, and upon searching the defendant, police officers allegedly found, among other things, a "white powdery substance" and a "hard tan substance," both of which later tested positive for the presence of cocaine. Following a jury trial, the defendant was convicted of, inter alia, one count of petit larceny and two counts of criminal possession of a controlled substance in the fifth degree.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence.
Moreover, the Supreme Court properly admitted into evidence at trial a police officer's cell phone video recording of footage from the deli's surveillance camera. The People sufficiently explained the unavailability of the original recording, and satisfactorily established that the cell phone video recording was a reliable and accurate portrayal of the original (see Schozer v [*2]William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644; see also People v Wright, 160 AD3d 667, 669).
However, the defendant is correct that his convictions of criminal possession of a controlled substance in the fifth degree under counts three and four of the indictment must be vacated. To establish criminal possession of a controlled substance in the fifth degree, the People were required to prove that the defendant knowingly and unlawfully possessed cocaine in a quantity of 500 milligrams or more (see Penal Law § 220.06[5]). With respect to count three of the indictment, the People presented the testimony of New York City Police Department (hereinafter NYPD) criminalist Fong Yuh Lin, who performed testing upon the hard tan substance marked into evidence as People's Exhibit 8. With respect to count four of the indictment, the People presented the testimony of NYPD criminalist Bernardine Lopez, who performed testing upon the white powdery substance marked into evidence as People's Exhibit 9. The testimony of Lin and Lopez was the sole evidence presented by the People as to the quantity of cocaine purportedly recovered from the defendant.
The opinion testimony by these experts was inadmissible, because the People failed to lay a foundation for the competence of the testimony. "[A]n expert who tests a substance for the presence of cocaine may not rely solely upon a test involving a comparison of the substance at issue to a known standard when the accuracy of the known standard is not established" (People v Burnett, 245 AD2d 460, 460; see People v De La Rosa, 162 AD2d 698, 698). Here, the evidence adduced at trial reflected that Lin and Lopez each tested the purity of a sample of the substance recovered from the defendant by using a test which relied upon a comparison to a known standard. The People failed to introduce any direct evidence as to the accuracy of the standard used for comparison. Although an expert's testimony that a substance contains cocaine is admissible when it is "not based solely upon comparative tests using a known standard but also on a series of other tests not involving known standards" (People v Rayford, 80 AD3d 780, 781; see People v De La Rosa, 162 AD2d at 698), here, the People failed to establish that either Lin or Lopez performed any other tests that did not involve comparison to a known standard. Thus, the Supreme Court should not have permitted their testimony, and a new trial is required on the counts charging criminal possession of a controlled substance in the fifth degree (see e.g. People v Stokeling, 165 AD3d 1180, 1181).
Accordingly, we modify the judgment of conviction by vacating the convictions of criminal possession of a controlled substance in the fifth degree under counts three and four of the indictment, and order a new trial on those counts.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court