People v Ramis (2023 NY Slip Op 01013)

People v Ramis

2023 NY Slip Op 01013

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2018-08611
 (Ind. No. 1157/16)

[*1]The People of the State of New York, respondent,
v
David Ramis, appellant.

Beverly Van Ness, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered June 15, 2018, convicting him of operating as a major trafficker (two counts), criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (three counts), criminal possession of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (eight counts), conspiracy in the second degree (two counts), conspiracy in the fourth degree (two counts), and criminal use of drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the first degree under count 21 of the indictment, criminal sale of a controlled substance in the second degree under counts 4, 5, and 6 of the indictment, criminal possession of a controlled substance in the second degree under counts 7 and 22 of the indictment, criminal sale of a controlled substance in the third degree under count 10 of the indictment, and criminal possession of a controlled substance in the third degree under counts 11, 12, 13, 14, 15, 16, 17, and 18 of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on those counts of the indictment.
The defendant was convicted of 23 counts relating to a drug operation conducted in Nassau County from January 21, 2016, to July 7, 2016. Fifteen of the convictions were predicated on specific instances of a sale or the possession of heroin or cocaine. As part of their proof at trial, the People introduced the testimony of five experts in the field of forensic science or chemistry, each of whom analyzed a particular substance seized by the police and found it to be heroin or cocaine. The defendant moved to strike the opinion testimony of each expert on the ground that the People had failed to lay a foundation for the competence of the testimony. The defendant contended that each expert's opinion was based upon a comparison of the substance at issue to a reference material in the laboratory in which she or he worked, which the expert presumed to be a known standard of heroin or cocaine, and the People had failed to introduce any direct evidence as to the accuracy of any of the standards used for comparison. The Supreme Court denied the motion. On appeal, the defendant contends that the court should have granted his motion. We agree.
"It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" (Cassano v Hagstrom, 5 NY2d 643, 646; see People v Jones, 73 NY2d 427, 430; Hambsch v New York City Tr. Auth., 63 NY2d 723, 725). "[A]n expert who relies on necessary facts within personal knowledge which are not contained on the record is required to testify to those facts prior to rendering the opinion. Conversely, expert opinions of the kind needing material evidentiary support for which there is none otherwise in the direct evidence or in some equivalently admissible evidentiary form [should be] excluded" (People v Jones, 73 NY2d at 430 [citation omitted]; see People v Miller, 57 AD2d 668, 669). Where an expert opines that a particular substance is a narcotic drug, for example, heroin or cocaine, and the opinion is based on the results of certain tests in which the substance was compared with a "known" standard, the People must establish the accuracy of the standard as a reliable norm (People v Campbell, 185 AD3d 717, 719; see People v Rayford, 80 AD3d 780, 781; People v Wicks, 122 AD2d 239). In the absence of such evidence, a proper foundation has not been laid for the expert's analysis that the substance is the particular narcotic drug, thereby rendering that testimony incompetent and inadmissible (see People v Campbell, 185 AD3d at 719; People De La Rosa, 162 AD2d 698; People v Branton, 67 AD2d 664, 664-665; People v Miller, 57 AD2d at 669).
Here, each of the People's five experts testified to arriving at the conclusion that the substance tested was either heroin or cocaine by comparing the substance with a standard sample in the laboratory that was known to be heroin or cocaine. When questioned about the accuracy of the known standard, the experts testified generally that the sample reference material was obtained from chemical manufacturers. Some of the experts testified that the samples came with certifications, which might have established the sample's accuracy, but no such certifications were offered into evidence. Some of the experts testified that the sample reference material generally is tested upon arrival at the laboratory, but none of the experts could testify to personal knowledge of the testing of the known standard that she or he used in this case, and the People did not introduce any evidence establishing that such independent testing had occurred. In the absence of any direct evidence establishing the accuracy of the reference material used for comparison, the People failed to establish a foundation for the competence of the expert testimony insofar as it was premised upon comparing the substance at issue to the known standard (see People v Campbell, 185 AD3d at 719; People v Branton, 67 AD2d at 664-665; People v Miller, 57 AD2d at 669).
Although an expert's testimony that a substance contains a narcotic drug may be admissible when it is not based solely upon comparative tests using known standards, but is also based on other tests not involving known standards, or other facts in evidence (see People v Rayford, 80 AD3d at 781; People v De La Rosa, 162 AD2d at 698; People v Wicks, 122 AD2d at 239-240), here, two of the experts relied solely upon the comparative tests, and their testimony should have been stricken (see People v Campbell, 185 AD3d at 719). Further, while the other three experts testified that before using the comparative tests to confirm the identity of the substance, she or he employed one or more presumptive tests, each of those presumptive tests merely demonstrated the possibility that cocaine or heroin might be present in the substance, but did not confirm the presence of the narcotic drug. It was the comparison to the known standard that enabled each expert to conclude that the substance tested was heroin or cocaine (cf. People v Rayford, 80 AD3d at 781; People v Burnett, 245 AD2d 460). Because these experts' opinions also were based upon material facts not in the record or personally known and testified to by them, their testimony also should have been stricken (see People v Campbell, 185 AD3d at 719; People v Miller, 57 AD2d at 669).
Accordingly, we modify the judgment of conviction by vacating the convictions of criminal possession of a controlled substance in the first degree under count 21 of the indictment, criminal sale of a controlled substance in the second degree under counts 4, 5, and 6 of the indictment, criminal possession of a controlled substance in the second degree under counts 7 and 22 of the indictment, criminal sale of a controlled substance in the third degree under count 10 of the indictment, and criminal possession of a controlled substance in the third degree under counts 11, 12, 13, 14, 15, 16, 17, and 18 of the indictment, and remit the matter to the Supreme Court, Nassau County, for a new trial on those counts (see CPL 470.20[1]; People v Campbell, 185 AD3d at 719).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court