People v Unger (2024 NY Slip Op 00240)

People v Unger

2024 NY Slip Op 00240

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Ind No. 3153/16 Appeal No. 1482 Case No. 2019-810 

[*1]The People of the State of New York, Respondent,
v
Howard Unger, Defendant-Appellant.

Law Office of Michael Blakey, New York (Michael Blakey of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered October 5, 2018, convicting defendant, after a jury trial, of manslaughter in the second degree (three counts) and making a false statement in his driver's license application, and sentencing him to an aggregate term of 4 to 12 years, unanimously affirmed.
The court properly admitted evidence of defendant's prior motor vehicle accident (see People v Alvino, 71 NY2d 233, 242 [1987]; People v Molineux, 168 NY 264 [1901]). That accident was relevant to the issue of whether defendant was aware that his failure to take his epilepsy medication could result in a seizure while driving and, thus, probative of his reckless state of mind, as required to support the manslaughter convictions (Penal Law §§ 15.05 [3], 125.15 [1]; see People v Scarlett, 132 AD3d 473, 473-474 [1st Dept 2015], lv denied 26 NY3d 1112 [2016]). The probative value of the evidence outweighed its prejudicial effect, which was mitigated by the court's limiting instructions.
Defendant did not preserve his challenges to the testimony of the People's expert, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The expert's testimony that the prior accident was caused by a seizure resulting from defendant's failure to take his medication was properly grounded in the medical records related to the prior crash (see People v Jones, 73 NY2d 427, 430 [1989]), and did not improperly opine on the ultimate issue of fact of whether defendant acted recklessly in this matter. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024