People v Owens (2025 NY Slip Op 04108)

People v Owens

2025 NY Slip Op 04108

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-09796
 (Ind. No. 70069/20)

[*1]The People of the State of New York, respondent, 
v
Desean J. Owens, also known as "HB," appellant.

Thomas R. Villecco, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered October 12, 2022, convicting him of attempted murder in the first degree, aggravated assault upon a police officer, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and criminal trespass in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted murder in the first degree and related crimes in connection with the shooting of a uniformed police officer.
"It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" (Cassano v Hagstrom, 5 NY2d 643, 646; see People v Ramis, 213 AD3d 951, 952). "[A]n expert who relies on necessary facts within personal knowledge which are not contained on the record is required to testify to those facts prior to rendering the opinion. Conversely, expert opinions of the kind needing material evidentiary support for which there is none otherwise in the direct evidence or in some equivalently admissible evidentiary form [should be] excluded" (People v Jones, 73 NY2d 427, 430 [citation omitted]; see People v Ramis, 213 AD3d at 952). Here, the defendant's contention that the County Court erred in precluding his expert from testifying to the conclusion that the defendant's firing of a gun was consistent with an accidental discharge of the gun is without merit. The expert's opinion was based upon material facts not in the record or personally known and testified to by him (see People v Ramis, 213 AD3d at 952-953; see also People v Decker, 218 AD3d 1026, 1040; People v Slack, 131 AD2d 610).
Since the defendant's claim of ineffective assistance of counsel regarding defense counsel's failure to present scientific evidence at trial to show that the gun fired by the defendant contained a manufacturing defect rendering it prone to accidental discharge cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Picart, 171 AD3d 799, 801).
The defendant's contention that the County Court violated CPL 245.80(2) by failing to make the requisite finding as to whether his failure to comply with his discovery obligations or an order was willful and motivated by a desire to obtain a tactical advantage is unpreserved for appellate review (see id. § 470.05[2]), and we decline to review that contention in the exercise of our interest of justice jurisdiction.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court